# EXHIBIT



# SUPREME COURT OF THE STATE OF NEW YORK



**COUNTY OF KINGS**
**OFFICE OF THE CHIEF CLERK**
**360 ADAMS STREET**
**BROOKLYN, NEW YORK 11201**
**(718) 643-5268**

NEIL JON FIRETOG
ADMINISTRATIVE JUDGE
SECOND JUDICIAL DISTRICT SUPREME COURT

JAMES F. IMPERATRICE
CHIEF CLERK
CRIMINAL TERM

THOMAS R. KILFOYLE
CHIEF CLERK
CIVIL TERM

May 21, 2004

Mr. Allen Porter
96A0854
PO Box 4000
Stormville, New York 12582-0010

We are writing in response to your letter to the Administrative Judge of the Kings County Supreme Court questioning the sentence of Adrian Diaz, SCI 12753/93.

Our records show that Mr. Diaz plead guilty to Criminal Possession of a Controlled Substance in the 7th Degree, a Class A Misdemeanor, and was sentenced to three years probation by Judge Meyers.

In your letter you indicated that, when asked, Rosa Wilson, a supervisor in the Department of Probation, informed your investigator that it appeared that the defendant's probation had been extended to five years. However, when we contacted the Department of Probation, Ms. Wilson informed us that no violation of probation had been filed and that the apparent extension of probation reflected in their records was the result of a clerical error.

For your further edification, a Certificate of Disposition regarding this matter is attached.

Sincerely,

James F. Imperatrice

SUPREME COURT STATE OF NEW YORK
KINGS COUNTY
360 ADAMS STREET
BROOKLYN, NY 11201

CERTIFICATE OF DISPOSITION - SUPERIOR COURT INFORMATION

DATE: 05/21/2004                    CERTIFICATE OF DISPOSITION NUMBER: 680

PEOPLE OF THE STATE OF NEW YORK      CASE NUMBER:            SCI-12753-93
                VS.                  LOWER COURT NUMBER(S): 93K052543
                                     DATE OF ARREST:         10/14/1993
                                     ARREST #:               K93056484
                                     NYSID #:                7523155Q
                                     DATE OF BIRTH:          07/04/1974

DIAZ,ADRIAN
_____
        DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 11/01/1993 BEFORE THE HONORABLE
MEYER,A   THEN A JUDGE OF THIS COURT, THE ABOVE NAMED DEFENDANT
ENTERED A PLEA OF GUILTY TO THE CRIME(S) OF

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7th DEGREE PL  220.03 00 AM (CRACK)

THAT ON 12/15/1993 THE ABOVE NAMED DEFENDANT WAS SENTENCED
BY THE HON. MEYER,A  ,THEN A JUDGE OF THIS COURT TO

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7th DEGREE PL  220.03 00 AM (CRACK)
PROBATION = 3 YEAR(S)

SURCHARGE = $5 (NOT PAID)

IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 05/21/2004.

                              WILBUR A. LEVIN
                              County Clerk
_____
                              COURT CLERK

Mr. Allen Porter
96A0854
P.O. Box 4000
Stormville, New York 12582-0010


May 24, 2004


James F. Imperatrice
Chief Clerk
Criminal Term
Supreme Court, Kings County
360 Adams Street
Brooklyn, New York 11201


Re: <u>People v. Adrian Diaz</u>,
     Kings County Supreme Court Number 12753/93


Dear Mr. Imperatrice:

Thank you for your May 21, 2004 letter regarding the above referenced case. In your letter, you explained that you contacted Probation Supervisor Rosa Wilson and learned that no violation of probation had been filed in the above referenced matter. You further explained that Supervisor Wilson informed you that "the apparent extension of probation reflected in their records was the result of a clerical error."

However, a CRIMS Search performed by the New York City Office of Court Administration indicates this case was adjourned to "December 31, 1999 for final judgment. " I was informed by counsel for the Office of Court Administration that the information contained in its CRIMS Search comes directly from information provided by this court. Consequently, I ask that you please inform me (1) why the defendant's case was adjourned to December 31, 1999 for final judgment, (2) who entered that judgment, and (3) what it consisted of.

Finally, I ask that you please provide me with a copy of the **notice to appear** (C.P.L. §410.40 (1)) and/or **warrant** (C.P.L. §410.40 (2)) I was informed was issued in this case.

I thank you for your time and look forward to hearing from you soon.

James F. Imperatrice
May 24, 2004
Page 2


Respectfully,

Allen Porter

cc: Honorable Neil Jon Firetog
    Administrative Judge
    Supreme Court, Kings County
    360 Adams Street
    Brooklyn, New York 11201

    Honorable Johnathan Lippman
    Administrative Judge
    New York City Office of Court Administration
    25 Beaver Street
    New York, New York 10004

# Supreme Court Of The State Of New York



**COUNTY OF KINGS**
**OFFICE OF THE CHIEF CLERK**
**360 ADAMS STREET**
**BROOKLYN, NEW YORK 11201**
**(718) 643-5268**

NEIL JON FIRETOG
ADMINISTRATIVE JUDGE
SECOND JUDICIAL DISTRICT SUPREME COURT

JAMES F. IMPERATRICE
CHIEF CLERK
CRIMINAL TERM

THOMAS R. KILFOYLE
CHIEF CLERK
CIVIL TERM

July 6, 2004

Mr. Allen Porter
96A0854
PO Box 4000
Stormville, New York 12582-0010

Dear Mr. Porter:

I received your letter dated May 24, 2004, thanking me for the information we provided you with regard to the violation of probation filed against Mr. Adrian Diaz. I am also in receipt of your letter of June 12, 2004, to the Honorable Jonathan Lippman which has been forwarded to this court for a response.

First, I would like to begin by apologizing for the problems you have encountered in your efforts to obtain information regarding the Adrian Diaz case and will now attempt to address the issues you raised in both letters, starting with those in your May 24, 2004, letter to me.

The defendant, Adrien Diaz, was sentenced on December 15, 1993, to three years probation and a crime victim's assistance fee of $5.00 to be paid by February 9, 1994. At the time of sentencing, it was the court's practice to allow additional time to pay the fee and a final payment date of December 31, 1999, was set. As the fee was not payed by the final payment date, a judgment for failure to pay the $5.00 crime victim's assistance fee was automatically entered by the court in the Kings County Clerk's Office. (This judgment can be easily satisfied by paying the $5.00 fee.) As I indicated in my letter of May 21, 2004, since the violation of probation was the result of a clerical error on the part of the Department of Probation, the court file indicates that neither a notice to appear nor a warrant was issued in this case.

Hopefully, the concerns you raised in your letter to the Honorable Jonathan Lippman regarding the violation of probation were adequately addressed in my letter of May 21 referred to above. However, in your letter to Judge Lippman, you also mentioned that the court retained a $5.00 money order that you submitted to pay for court documents which you requested but never

Mr. Allen Porter                          2                          July 6, 2004

received.  To rectify that situation, I am enclosing a refund order for that amount.  Please sign the order and return it to me and I will see that it is processed for payment.

Again, I apologize for the problems you have encountered in your efforts to obtain information from the court.  If any of your concerns have not been adequately addressed, I hope you will not hesitate to write directly to me.

Sincerely,

James F. Imperatrice

cc:    Hon. Jonathan Lippman
       Hon. Neil J. Firetog



**SUPREME COURT OF THE STATE OF NEW YORK**

CRIMINAL TERM CORRESPONDENCE UNIT

360 ADAMS STREET, ROOM 1047

BROOKLYN, NEW YORK 11201

July 6, 2004

Dear Mr. Diaz,

Attached is the refund request for five dollars paid into this court on 5-12-2004. Please fill in your name and mailing address in box #4, and sign, date, and enter your social security number in box #6.

Return this form to me in the enclosed envelope and I will process your claim promptly.

Sincerely,

Timothy M. Loughlin

Associate Court Clerk

REVISED 2/96

STATE OF NEW YORK - UNIFIED COURT SYSTEM
## REQUEST FOR REFUND OF FEES/FINES PAID INTO COURT

Date _____07-06-2004_____

**1.**  TO: _____NY STATE OFFICE OF THE STATE COMPTROLLER_____
Appropriate UCS District /Administrative Office (for refunds of State fees) or Local Government Official (for refunds from local monies)

DIVISION OF LAW AND ADJUSTMENT

FROM: _____CASHIER - KINGS SUPREME COURT_____
Chief Clerk or Authorized Designee

ROOM 1047 , 360 ADAMS STREET, BROOKLYN, NY 11201

**2.**  Consistent with existing statute and the provisions of Part IV / Chapter 3.070.1 of the UCS Financial Planning & Control Manual, a request for

the refund of monies previously paid into the court or agency of _____Kings Supreme Court_____ is hereby submitted

Type of Proceeding: _____Criminal_____

Index or Docket No _____SCI# 12753-93_____

Orig. Amount Paid _____Five (5) dollars_____

Date Paid _____5-12-2004_____

Receipt No. _____32956_____

REASON FOR REFUND: _____Defendant was inadvertently provided with material other than that which was requested._____

(ATTACH COPY OF RECEIPT AND ANY OTHER APPROPRIATE DOCUMENTATION)

THE MONIES TO BE REFUNDED WERE PREVIOUSLY TRANSMITTED FOR CREDIT TO THE (CHECK ONE AND COMPLETE AS APPROPRIATE):

**3.**  ☒ STATE OF NEW YORK ☐ COUNTY OF: _____ ☐ CITY/TOWN OF: _____

**4.**

| NAME AND ADDRESS AS THEY SHOULD APPEAR ON THE REFUND CHECK<br>PAYEE NAME AND ADDRESS (LIMIT TO 5 LINES, 30 SPACES EACH) | TOTAL $ AMOUNT | PAYEE REFERENCE TO APPEAR ON CHECK STUB<br>(LIMIT TO 20 SPACES) |
|---|---|---|
| | 5.00 | |

| DEPT | REVENUE COST CENTER TO BE CHARGED | VAR | YR | OBJECT | ACCUM DEPT | STATE | |
|---|---|---|---|---|---|---|---|
| 05 | 921133 | | 04 | 35274 | | | |

**5.**  CHIEF CLERK'S / COURT MANAGER'S CERTIFICATION:
I HEREBY CERTIFY THAT THE FEES REFERENCED HEREIN WERE PREVIOUSLY COLLECTED BY THIS COURT/AGENCY AND WERE TRANSMITTED FOR CREDIT TO THE GOVERNMENT ENTITY FROM WHICH THE REFUND IS TO BE ISSUED AND THAT THIS REFUND IS REASONABLE IN THAT THE FUNDS WERE COLLECTED OR CREDITED DUE TO A LEGITIMATE ERROR:

_____ SIGNATURE OF THE CHIEF CLERK OR AUTHORIZED DESIGNEE

Associate Court Clerk
TITLE

**6.**  CLAIMANT'S CERTIFICATION:
I HEREBY CERTIFY AND AFFIRM THAT THE REASON FOR THE REFUND SET FORTH IN ITEM 2 ABOVE IS TRUE, THAT THE AMOUNT TO BE REFUNDED WAS PAID IN THIS COURT OR AGENCY BY ME OR ANOTHER AUTHORIZED AGENT OF THE FIRM I REPRESENT, AND THAT THIS REQUEST DOES NOT DUPLICATE ONE PREVIOUSLY SUBMITTED FOR THE SAME PURPOSE:

_____ CLAIMANT'S SIGNATURE          DATE          REQUIRED: PAYEE ID (FEDERAL TAX ID OR SOCIAL SECURITY NUMBER)

*IMPORTANT* -ALL SECTIONS MUST BE COMPLETED. COURT PERSONNEL SHOULD SUPERVISE THE COMPLETION OF SECTIONS 1. THROUGH 5. CLAIMANT MUST SIGN AFFIRMATION SECTION 6. FOR REFUNDS OF STATE FEES, THE COMPLETED FORM SHOULD BE SUBMITTED FOR PAYMENT TO THE APPROPRIATE UCS DISTRICT/ADMINISTRATIVE OFFICE. TO AVOID PROCESSING DELAYS, DO NOT SEND DIRECTLY TO THE STATE COMPTROLLER OR TO THE COMMISSIONER OF TAX & FINANCE. FOR THE REFUND OF MONIES PREVIOUSLY CREDITED TO GOVERNMENT ENTITIES OTHER THAN THE STATE OF NEW YORK, SUBMIT THE COMPLETED FORM TO THE APPROPRIATE LOCAL GOVERNMENT FISCAL AUTHORITY (I.E. COUNTY TREASURER, CITY COMPTROLLER). IN ALL CASES, BE SURE TO INCLUDE REQUIRED SUPPORTING DOCUMENTATION (E.G. COPY OF RECEIPT, COURT ORDER).

Tim McLoughlin
SUPREME COURT
CRIMINAL TERM
ROOM 1047
360 ADAMS STREET 11201
BROOKLYN, NEW YORK

Jabbar Collins
95A2646
P.O. Box 4000
Stormville, New York 12582-0010


July 13, 2004


James Imperatrice
Clerk of Criminal Term
Supreme Court, Kings County
360 Adams Street
Brooklyn, New York 11201


Re:  People v. Adrian Diaz,
     Kings County Information Number 12753/93


Dear Mr. Imperatrice:

I write to request that you please provide me with copies of the following
records regarding the above referenced case:

- (a)  The sealed/non-public docket sheet reflecting all filings in
  Diaz's case subsequent to December 15, 1993, regardless of
  whether those filings were later withdrawn or otherwise mooted.

- (b)  All reports, memorandums, or other communications submitted
  to the court by the New York City Department of Probation
  notifying the court regarding the Diaz's violation of
  probation or requesting that the court take any form of action in
  the case;

- (c)  The statement setting forth the conditions of probation
  Diaz violated, C.P.L. §410.70 (2);

- (d)  The court's declaration of delinquency, C.P.L. §410.30;

- (e)  All notices to appear and warrants issued in Diaz's
  case, C.P.L. §410.40 (1) and (2);

(f)     The final order adjudicating Diaz's declaration of delinquency, C.P.L. §410.70 (5);

(g)     The transcripts of all proceeding conducted in Diaz's case subsequent to December 15, 1993;

(h)     The notes or summaries of all in camera and/or ex parte conferences conducted in Diaz's case subsequent to December 15, 1993;

(i)     All requests to withdraw, moot, terminate, or otherwise annul Diaz's declaration of delinquency or to terminate Diaz's probation, C.P.L. §410.90;

(j)     All requests or motions to seal the proceedings relating to occurrences in Diaz's case subsequent to December 15, 1993;

(k)     All documents relied upon by the court to reach its decision with respect to any occurrences in Diaz's case subsequent to December 15, 1993, especially with respect to Diaz's probation term; and

(l)     Every other sealed or document possessed by the court regarding Diaz's case, including those created by or executed by a Judge of this court but not filed in the Clerk's office.

As you may know, I have a right of access to copies of these records under the First and Fourteenth Amendments to the United States Constitution as well as the common law of the United States.


Respectfully,


Jabbar Collins

Jappar Collins
95A2646
P.O. Box 4000
Stormville, New York 12582-0010

July 19, 2004

Honorable Johnathan Lippman
Administrative Judge
New York City Office of Court Administration
25 Beaver Street
New York, New York 10004

Re:  People v. Adrian Diaz
     Kings County Information Number 12753/93

Dear Judge Lippman:

I write this letter as a complaint and ask that you please direct
James Imperatrice, Clerk of the Criminal Term of the Supreme
Court, Kings County [1] to abandon his practice of maintaining
a dual docket sheet for the above referenced case, [2] to
disclose all records that he or his predecessor improperly
sealed -administratively- and/or failed to file so as to permit
public inspection, and [3] to place those records in the case
file for public inspection.

By a letter dated July 13, 2004 I wrote to the Imperatrice
requesting that he provide me with copies of various records
in the above referenced case [a copy of my July 13, 2004 letter
to Imperatrice is annexed with this one].  I learned that these
records have been improperly sealed and excluded from public
review.  The "sealed docket sheet" referred to above -in contrast
to the public docket sheet- completely conceals from public
view all occurrences in Diaz's case subsequent to February 2,
1994, and is open solely to designated court personnel.

I ask that you please remedy Imperatrice's action as requested
above.

Respectfully,

Jappar Collins

# SUPREME COURT OF THE STATE OF NEW YORK



COUNTY OF KINGS
OFFICE OF THE CHIEF CLERK
360 ADAMS STREET
BROOKLYN, NEW YORK 11201
(718) 643-5268

NEIL JON FIRETOG
ADMINISTRATIVE JUDGE
SECOND JUDICIAL DISTRICT SUPREME COURT

JAMES F. IMPERATRICE
CHIEF CLERK
CRIMINAL TERM

THOMAS R. KILFOYLE
CHIEF CLERK
CIVIL TERM

September 14, 2004

Mr. Jabbar Collins
95A2646
P.O. Box 4000
Stormville, New York 12582-0010

Dear Mr. Collins:

I have received a copy of your letter of July 19, 2004, addressed to the Hon. Jonathan Lippman stating that you have been unable to obtain requested court records in the matter of the People v. Adrian Diaz (Information No. 12753/93) from either the Criminal Term or me.

It appears from my records that this court has corresponded with you and with an individual named Allen Porter on numerous occasions regarding this matter. In those instances we have either provided the requested documents or explained why they do not exist.

Upon receiving a similar inquiry from Mr. Porter earlier this year, I contacted Rosa Wilson, a supervisor in the Department of Probation, to clarify the situation with regard to a violation of probation in this case. As I indicated in my May 21, 2004, letter to Mr. Porter, Ms. Wilson stated that the Department of Probation made a clerical error when it recorded that Mr. Diaz' term of probation had been extended to five-years. In that same letter, I indicated that the defendant plead guilty to Criminal Possession of a Controlled Substance in the 7th Degree and was sentenced to a three-year term of probation. I also indicated that the defendant had never violated his probation in this case and that no declaration of delinquency had ever been filed.

Because no action was taken on this matter subsequent to the December 15, 1993, sentence date, no court records were generated beyond that date. Therefore, the documents you requested do not exist. In the absence of the documents requested, I am sending a copy of the Certificate of Disposition that was provided to Mr. Porter in my letter of May 21, 2004.

Sincerely yours,

James F. Imperatrice

c: Hon. Jonathan Lippman

SUPREME COURT OF THE STATE OF NEW YORK        NO FEE
KINGS COUNTY
360 ADAMS STREET
BROOKLYN, NY 11201

CERTIFICATE OF DISPOSITION - SUPERIOR COURT INFORMATION

DATE: 05/21/2004

CERTIFICATE OF DISPOSITION NUMBER: 680

PEOPLE OF THE STATE OF NEW YORK
VS.

CASE NUMBER:            SCI-12753-93
LOWER COURT NUMBER(S): 93K052543
DATE OF ARREST:        10/14/1993
ARREST #:              K93056484
NYSID #:               7523155Q
DATE OF BIRTH:         07/04/1974

DIAZ, ADRIAN

                    DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 11/01/1993 BEFORE THE HONORABLE
MEYER, A   THEN A JUDGE OF THIS COURT, THE ABOVE NAMED DEFENDANT
ENTERED A PLEA OF GUILTY TO THE CRIME(S) OF

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7th DEGREE PL  220.03 00 AM (CRACK)

THAT ON 12/15/1993 THE ABOVE NAMED DEFENDANT WAS SENTENCED
BY THE HON. MEYER, A , THEN A JUDGE OF THIS COURT TO

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7th DEGREE PL  220.03 00 AM (CRACK)
PROBATION = 3 YEAR(S)

SURCHARGE = $5 (NOT PAID)

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 05/21/2004.

                    WILBUR A. LEVIN
                    County Clerk

                    COURT CLERK

# EXHIBIT
# B

# EXHIBIT
# C

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

Defendant _____ Adrian Diaz _____ Indictment No. _1275343_

## ARRAIGNMENT

Defendant advised pursuant to Section 210.15 CPL
and pleads Not Guilty.

Date _____ 1998 _____ Judge _____ HON. EARL L. GRAVES _____ Part _U-1_

A.D.A. _Romero_ Counsel for Defendant _____ SACF _____  ☑ Present  ☐ Not Present

Address of Counsel _____
☐ Legal Aid Society          ☑ Assigned under Art. 18-B County Law          ☐ Retained

Bail Conditions:  ☐ $ _____ Bail Continued
                    ☐ Remanded, Bail $ _____
                    ☐ Remanded, No Bail   ☐ R.O.R.   ☑ R.O.R. Continued

---

☐ Dismissed                    ☐ Abated
☐ Consolidated into:                        Date _____ Judge _____ Part _____
☐ Covered under:

---

| **GUILTY PLEA** | | | ☐ Jury | **TRIAL** | ☐ Non-jur |

Date _____ 1998 _____ Judge HON. EARL L. GRAVES _____ Part _N-1_

☑ Before trial   ☐ During trial   ☐ After trial

CPCS 7°

Judge _____ Part _____
A.D.A. _____
Counsel for defendant _____
Clerk(s) _____

Court Reporter(s) _____

Dates on Trial _____

Disposition: _____

Indictment No.(s)   ☐ consolidated herein:
                    ☐ covered herein:

Crim. Ct. Docket No.(s) covered herein:

Plea recommended by A.D.A. _Romero_
Counsel present _SACF_
Clerk _Blinder_
Court Reporter _Appel_          Date of Disposition _____

## DEFENDANT'S PEDIGREE

True Name _____          Sex ☑ Male  ☐ Female     Race _____

Age _____ Residence _____

## PENDING SENTENCE

Date _12-15_          ☐ Remanded, No Bail  ☐ Remanded, Bail $ _____
                      ☐ Bail Continued   ☑ R.O.R. Continued                ☐ R.
      2N

Defendant _____ Adrian DIAZ _____ Indictment No. _12753-93_

## SENTENCE

Date _12-15-93_ Judge _ALAN. Meyer_ Part _N2_

Counsel present _Saft / L_ Clerk _Macelin_ Court Reporter _Coppola_

Sentence _3yrs PnvB MSC - W CUAF #5 2-9-94 L S_
_RTA - W ROR CONT_

☐ Crime victim _____
☐ Mandatory Surcharge $ _____
☑ Surcharge _____
☐ _____ filed b/h by - 5/30/94
☒ _____

## CALENDAR

| DATE | PART | DISPOSITION | JUDGE |
|------|------|-------------|-------|
| NOV 1 1993 | N-1 | DwA (3) | HON. ALAN J. _____ Meyer |
| 12-15-93 | N2 | DwA Sle Sent | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |



**** DCSJ 1020 FOR SUP CT INFO ****

S U P E R I O R   C O U R T   I N F O R M A T I O N

S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K

C O U N T Y   O F   K I N G S

-----------------------------------------

```
THE PEOPLE OF THE STATE OF NEW YORK          |
                                             |
              AGAINST                        |
                                             |
                                             |
XP.    ADRIAN DIAZ                           |   SUPERIOR COURT
           DEFENDANT                         |   INFORMATION NO. 12753/93
           93K052543                         |   GRAY ZONE
                                             |
                                             |
```
-----------------------------------------

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE
CPCS 7              P.L. 220.03        AFO: N     SEX CRIME:

AT A TRIAL TERM OF THE SUPREME
COURT OF THE STATE OF NEW YORK
HELD IN AND FOR KINGS COUNTY
AT THE KINGS COUNTY COURTHOUSE
ON THE   /st   DAY OF November
                              /993

P R E S E N T:
    HONORABLE _A._Meyer_____

--------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK          |
                                             |
            AGAINST                          |
                                             |
XP,   ADRIAN DIAZ                            |   SUPERIOR COURT
            DEFENDANT                         |   INFORMATION NO. 12753/93
                                             |
                                             |
--------------------------------------------

         IT APPEARING TO THE SATISFACTION OF THE COURT FROM THE
PROCEEDINGS HELD:

         THAT THE WAIVER OF HEARING EXECUTED BY THE DEFENDANT
COMPLIES WITH THE PROVISIONS OF SECTION 180.10 OF THE CRIMINAL
PROCEDURE LAW AND THAT THE WAIVER WAS KNOWINGLY AND INTELLIGENTLY
EXECUTED BY THE DEFENDANT IN THE PRESENCE OF COUNSEL, AND FURTHER,

         THAT THE WAIVER OF INDICTMENT EXECUTED BY THE DEFENDANT
COMPLIES WITH THE PROVISIONS OF SECTIONS 195.10 AND 195.20 OF THE
CRIMINAL PROCEDURE LAW AND THAT THE WAIVER WAS KNOWINGLY AND
INTELLIGENTLY EXECUTED BY THE DEFENDANT IN THE PRESENCE OF COUNSEL,

         IT IS HEREBY ORDERED THAT THE DEFENDANT BE HELD FOR ACTION
OF THE GRAND JURY PURSUANT TO SECTION 180.30 OF THE CRIMINAL
PROCEDURE LAW, AND IT IS FURTHER,

         ORDERED THAT THE DEFENDANT'S WAIVER OF INDICTMENT IS
APPROVED AND ACCEPTED PURSUANT TO SECTION 195.30 OF THE
CRIMINAL PROCEDURE LAW.

                              _____
                              JUSTICE OF THE SUPREME COURT

```
-----------------------------------------------
                                               |
   THE PEOPLE OF THE STATE OF NEW YORK         |
                                               |
              AGAINST                          |
                                               |
                                               |   SUPERIOR COURT
XP.   ADRIAN DIAZ                              |   INFORMATION NO. 12753/93
              DEFENDANT                         |
                                               |
                                               |
-----------------------------------------------
```

THE DEFENDANT STATES THAT HE HAS READ SUPERIOR COURT
INFORMATION 12753/93 AND FURTHER STATES THAT:

UNDER SECTION 180.10 OF THE CRIMINAL PROCEDURE LAW,
HE HAS A RIGHT TO A PROMPT HEARING UPON THE ISSUE OF
WHETHER THERE IS SUFFICIENT EVIDENCE TO WARRANT THE COURT
IN HOLDING HIM FOR THE ACTION OF A GRAND JURY AND;

UNDER THE CONSTITUTION OF THE STATE OF NEW YORK, HE HAS THE
RIGHT TO BE PROSECUTED BY INDICTMENT FILED BY A GRAND JURY;

THE DEFENDANT WAIVES SUCH RIGHTS AND CONSENTS TO BE PROSECUTED
BY SUPERIOR COURT INFORMATION FILED BY THE DISTRICT ATTORNEY AND;

THE SUPERIOR COURT INFORMATION FILED SHALL CHARGE THE
FOLLOWING OFFENSE:

                CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                        THE SEVENTH DEGREE

THE SUPERIOR COURT INFORMATION FILED WILL HAVE THE SAME
FORCE AND EFECT AS AN INDICTMENT FILED BY A GRAND JURY.

                                    _____
                                    DEFENDANT

                                    _____
                                    DEFENSE ATTORNEY

THE DISTRICT ATTORNEY OF THE COUNTY OF KINGS
CONSENTS TO THE WAIVER OF INDICTMENT.

                                    CHARLES J. HYNES
                                    DISTRICT ATTORNEY

                                    BY: _____
                                    ASSISTANT DISTRICT ATTORNEY

SUPERIOR COURT INFORMATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

XP.    ADRIAN DIAZ
          DEFENDANT
          93K052543

SUPERIOR COURT
INFORMATION NO. 12753/93
GRAY ZONE

----------------------------------------

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE
SEVENTH DEGREE

FIRST COUNT

THE DISTRICT ATTORNEY OF THE COUNTY OF KINGS BY THIS
INFORMATION ACCUSES THE DEFENDANT OF THE CRIME OF CRIMINAL
POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE [P.L.
220.03] COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT OCTOBER 14, 1993, IN THE
COUNTY OF KINGS, KNOWINGLY AND UNLAWFULLY POSSESSED A CONTROLLED
SUBSTANCE, NAMELY: CRACK COCAINE.

CHARLES J. HYNES
DISTRICT ATTORNEY

STATE OF NEW YORK

SUPREME COURT, KINGS COUNTY

```
---------------------------------
PEOPLE OF THE STATE OF NEW YORK,   |          WAIVER OF
                                   |       RIGHT TO APPEAL
                       PLAINTIFF   |
                                   |
              v                    |
                                   |        SUPERIOR COURT
ADRIAN DIAZ                        |    INFORMATION NO. 12753/93
                                   |
        DEFENDANT.                 |
---------------------------------
```

THE UNDERSIGNED DEFENDANT HEREBY WAIVES THE RIGHT TO
APPEAL ANY PLEA AND SENTENCE. THE UNDERSIGNED EXECUTES THIS
WAIVER AFTER BEING ADVISED BY THE COURT OF THE NATURE OF THE RIGHTS
BEING WAIVED. THE UNDERSIGNED HAS BEEN ADVISED OF THE RIGHT TO
TAKE AN APPEAL (CPL 450.10), TO PROSECUTE THE APPEAL AS A POOR
PERSON AND TO HAVE AN ATTORNEY ASSIGNED IN THE EVENT THAT THE
UNDERSIGNED IS INDIGENT, AND TO SUBMIT A BRIEF AND/OR ARGUE BEFORE
AN APPELLATE COURT, ON ANY ISSUES RELATING TO THE CONVICTION AND
SENTENCE. THE UNDERSIGNED REPRESENTS THAT THIS WAIVER IS BEING
VOLUNTARILY, KNOWINGLY AND UNDERSTANDINGLY EXECUTED, OF THE
DEFENDANT'S OWN FREE WILL.

_____
                DEFENDANT.


THE UNDERSIGNED ATTORNEY REPRESENTS THAT PRIOR TO THE
SIGNING OF THE FOREGOING WAIVER, THE ABOVE NAMED DEFENDANT WAS
FULLY ADVISED OF THE RIGHTS OF A CONVICTED PERSON TO TAKE AN APPEAL
UNDER THE LAWS OF THE STATE OF NEW YORK.

THE UNDERSIGNED FURTHER REPRESENTS THAT, IN MY PROFESSIONAL
OPINION, THE ABOVE WAIVER BY THE DEFENDANT OF THE RIGHT TO APPEAL
WAS VOLUNTARILY, KNOWINGLY AND UNDERSTANDINGLY MADE AND
RECOMMENDS TO THE COURT THAT THE WAIVER BE APPROVED.

_____
                COUNSEL FOR DEFENDANT.


THE FOREGOING WAIVER WAS EXECUTED IN OPEN COURT BEFORE ME
AS THE TRIAL JUSTICE. THE FOREGOING WAIVER WAS DISCUSSED WITH
THE DEFENDANT AND HIS ATTORNEY.

_____
                TRIAL JUSTICE

**SUPREME COURT OF THE STATE OF NEW YORK**
**County of Kings : Criminal Term**

**ORDER**

Defendant _Adrian Diaz_        SCI
                                  Indictment # _12753-93_

Address _193 Stockholm St_       Justice _Alan Meyer_

_Brooklyn, NY_                    Date _Dec 15, 1993_

The Defendant is **ORDERED** to pay:

[  ]  Fine of $_____ to be paid by _____

[  ]  *Mandatory Surcharge of $_____ to be paid by _____

[X]  *Crime Victim's Assistance Fee of $_5-_____ to be paid by _____
        _Feb 9, 1994_

           *Not applicable if Restitution/Reparation is imposed.

Payment can be made in cash; also by money order, bank or certified check
made payable to **SUPREME COURT KINGS**.

--------------------------------------------------------------------------

[  ]  Restitution or Reparation of $_____ + $_____ (5%) = $_____
       payable through the Probation Department. The 5% surcharge is mandatory
       (PL 60.27).

--------------------------------------------------------------------------

| NOTE: PURSUANT TO CPL § 420.10 and CPLR § 5016, A JUDGMENT WILL BE ENTERED |
|       WITH THE COUNTY CLERK TO COLLECT ANY MONEYS NOT PAID.                |

You are directed to present this order **IMMEDIATELY** to:

              Criminal Term Clerk's Office
              Room 1047
              360 Adams Street
              Brooklyn, New York 11201

**BY ORDER OF THE COURT**

_____          X _Adrian Diaz_____
        Court Clerk                           Defendant

Form CR014 (Rev. 04/92)

10 C.P.L.
10 P.L.

**SUPREME COURT OF THE STATE OF NEW YORK**
ADVISEMENT TO DEFENDANT

YOUR FAILURE TO CONFORM TO ANY OF THE FOLLOWING CONDITIONS OF YOUR PROBATION, INCLUDING THE FAILURE TO REPORT TO YOUR PROBATION OFFICER, IS A VIOLATION OF PROBATION.

YOU HAVE A RIGHT TO BE PRESENT AT ANY HEARING TO DETERMINE WHETHER A VIOLATION OF PROBATION HAS OCCURRED. IF YOU INTENTIONALLY ABSENT YOURSELF FROM THE COURT'S JURISDICTION OR INTENTIONALLY FAIL TO APPEAR AT A VIOLATION OF PROBATION HEARING, A HEARING MAY BE HELD IN YOUR ABSENCE AND A REVOCATION OF YOUR PROBATION MAY RESULT.

_Supreme_ _____ COURT OF _the STATE of New York_

COUNTY OF ___ _Kings_ _____x

PEOPLE OF THE STATE OF NEW YORK,                      _SEE_   12753-93
                                                      Ind./Docket No. _____
—against—   _ADRIAN   DIAZ_                            **CONDITIONS OF PROBATION**

                                        Defendant.
_____x

THE ABOVE-NAMED DEFENDANT HAVING BEEN   _CPCS 7°_   _220, 03_ _____

— convicted of the crime of _____

— found to be a youthful offender for the criminal act of _____

in the criminal action entitled above,

and having been sentenced to:

— a _____ term of imprisonment, and to

✗ a _Three_ year period of probation to expire on _12,14-96_ unless terminated sooner in accordance with the Criminal Procedure Law.

— and to pay a fine in the amount of $_____.

— it is

ORDERED, that during the period of probation the defendant shall comply with the following conditions and any other conditions which the Court may impose at any time prior to the expiration of the period of probation:

PROBATION CONDITIONS.—THE PROBATIONER SHALL:

✗ 1.   Report to a probation officer as directed by the Court or the probation officer and permit the probation officer to visit his or her place of abode or elsewhere.

       A) Report immediately to _1044 Fl   210 JerAlemon St   Tfegn , N.Y_ _____

       B) Upon release from custody report immediately to _____

✗ 2.   Remain within the jurisdiction of the Court unless granted permission to leave by the Court or the probation officer.

✗ 3.   Answer all reasonable inquiries by the probation officer and notify the probation officer prior to any change in address or employment.

✗ 4.   Refrain from violating any federal, state or local law; notify the probation officer if arrested or questioned by any law enforcement official.

✗ 5.   Avoid injurious or vicious habits.

✗ 6.   Refrain from frequently unlawful or disreputable places.

✗ 7.   Refrain from consorting with disreputable persons.

✗ 8.   Work faithfully at a suitable employment or pursue a course of study or vocational training that can lead to suitable employment.

✗ 9.   Support his or her dependents and meet other family responsibilities.

✗ 10.  Undergo available medical or psychiatric treatment and remain in a specified institution when required for that purpose or directed by the Court or probation officer.

✗ 11.  Participate in an alcohol or substance abuse program approved by the Court. _if   needed_

— 12.  Make restitution or reparation in the amount of $_____, for the benefit of _____
                                                                              Name of Victim

       at a rate of $_____ per_____                 , to be paid in full by _____
                                    Time Frame                                    Date Prior to
                                                                                 Expiration of Sentence

       Pay such restitution or reparation, together with a designated surcharge of $_____ to_____
                                                                              Name of Restitution Agency

— 13.  Perform services for a public or not-for-profit corporation, association, institution or agency, as follows: _____

— 14.  Spend a specified part of this sentence at a division for youth facility or attend a nonresidential program pursuant to P.L. §85.10(2)(i), as follows: _____

— 15.  Post a bond or security in the amount of $_____ for the performance of any or all conditions imposed.

— 16.  Observe the specified conditions and conduct as set forth in an order or protection issued pursuant to CPL §530.12 _Drug Testing_

— 17.  Comply with the following conditions which the court deems to be reasonably related to his or her rehabilitation. _& Counselling if needed_

— 18.  Obey the directions given by the probation officer to insure compliance with the Conditions of Probation. _____

                                        ENTER

Dated: _Brooklyn_, New York
        _Aug 93_                                    _____
        _Dec 15_                                         Justice/Judge

                                        RECEIPT

I have this day received a copy of the foregoing Conditions of Probation.

Dated: _12/15/93_   _MHS CL_          ✗ _Adrian Diaz_
Witness (Court Clerk)        (Signature)       Defendant        (Signature)

COURT COPY - ATTACH TO CASE PAPERS

# EXHIBIT
# D

Form 10 CPL (Rev. 78)

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

Defendant _____ manuel nora _____   Indictment No. _____ 1275393 _____

## ARRAIGNMENT

Defendant advised pursuant to Section 210.15 CPL
and pleads Not Guilty.

Date NOV 1 1993 _____ Judge _____ Hon. Anna Pisano _____ Part N-1

A.D.A. _____ Camino _____ Counsel for Defendant _____ Pisano _____  ☐ Present  ☐ Not Present

Address of Counsel _____
☑ Legal Aid Society        ☐ Assigned under Art. 18-B County Law        ☐ Retained

Bail Conditions:  ☐ $ _____ Bail Continued
                  ☐ Remanded, Bail $ _____
                  ☐ Remanded, No Bail   ☐ R.O.R.   ☑ R.O.R. Continued

☐ Dismissed                  ☐ Abated
☐ Consolidated into:                    Date _____ Judge _____ Part _____
☐ Covered under:

|  |  | |
|---|---|---|

**GUILTY PLEA** Guilty Advised To Lesser

Date NOV 1 1993 _____ Judge _____ Part N-1

☑ Before trial   ☐ During trial   ☐ After trial

ABCS?

### TRIAL

☐ Jury        ☐ Non-jur
Judge _____ Part _____
A.D.A. _____
Counsel for defendant _____
Clerk(s) _____
Court Reporter(s) _____
Dates on Trial _____

Disposition:

Indictment No.(s)  ☐ consolidated herein:
                   ☐ covered herein:

Crim. Ct. Docket No.(s) covered herein:

Plea recommended by A.D.A. _____ Camino _____
Counsel present _____ Pisano _____ Carella
Clerk _____
Court Reporter _____ Gippel _____        Date of Disposition _____

## DEFENDANT'S PEDIGREE

True Name _____        Sex ☑ Male   ☐ Female        Race _____

Age _____ Residence _____

### PENDING SENTENCE

Date _____ 12-15 _____        ☐ Remanded, No Bail  ☐ Remanded, Bail $ _____
                              ☐ Bail Continued     ☑ R.O.R. Continued
∂N

Defendant _____ Manuel Nota _____   Indictment No. _____ 127393 _____

## SENTENCE

Date _1-11-94_   Judge _Alan Meyer_   Part _N2_

Counsel present _____ PISANO _____   Clerk _Brackett_   Court Reporter _____

Sentence _5 yrs ProB   Yo granted   msc   CUAF/NA   LS_
_____ RTA-W _____   RDR Cont _____

| Crime Victim Fee $ |
| Mandatory Surcharge $ |
| ( ) Surcharge ... 8/30/93 - 8/30/94 |
| ( ) ... months |
| ( ) waived, see record |

## CALENDAR

| DATE | PART | DISPOSITION | JUDGE |
|------|------|-------------|-------|
| 1993 | N 1 | DWA (P) | |
| 12-15-93 | N2 | DWA 1-11-94 (Proof of Age) ROR Cont | Meyer |
| 1-11-94 | N2 | DWA SERGEANT | Meyer |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

AT A TRIAL TERM OF THE SUPREME
COURT OF THE STATE OF NEW YORK
HELD IN AND FOR KINGS COUNTY
AT THE KINGS COUNTY COURTHOUSE
ON THE _____ /5__ DAY OF _November_
_1993_

P R E S E N T:

HONORABLE __A. Meeler__

---------------------------------------------

                                        |
THE PEOPLE OF THE STATE OF NEW YORK      |
                                        |
          AGAINST                        |
                                        |
                                        |  SUPERIOR COURT
XP.   MANUEL NOTA                        |  INFORMATION NO. 12753/93
          DEFENDANT                      |
                                        |
                                        |

---------------------------------------------

IT APPEARING TO THE SATISFACTION OF THE COURT FROM THE
PROCEEDINGS HELD:

THAT THE WAIVER OF HEARING EXECUTED BY THE DEFENDANT
COMPLIES WITH THE PROVISIONS OF SECTION 180.10 OF THE CRIMINAL
PROCEDURE LAW AND THAT THE WAIVER WAS KNOWINGLY AND INTELLIGENTLY
EXECUTED BY THE DEFENDANT IN THE PRESENCE OF COUNSEL, AND FURTHER,

THAT THE WAIVER OF INDICTMENT EXECUTED BY THE DEFENDANT
COMPLIES WITH THE PROVISIONS OF SECTIONS 195.10 AND 195.20 OF THE
CRIMINAL PROCEDURE LAW AND THAT THE WAIVER WAS KNOWINGLY AND
INTELLIGENTLY EXECUTED BY THE DEFENDANT IN THE PRESENCE OF COUNSEL,

IT IS HEREBY ORDERED THAT THE DEFENDANT BE HELD FOR ACTION
OF THE GRAND JURY PURSUANT TO SECTION 180.30 OF THE CRIMINAL
PROCEDURE LAW, AND IT IS FURTHER,

ORDERED THAT THE DEFENDANT'S WAIVER OF INDICTMENT IS
APPROVED AND ACCEPTED PURSUANT TO SECTION 195.30 OF THE
CRIMINAL PROCEDURE LAW.

----------------------------------
JUSTICE OF THE SUPREME COURT

**** DCSJ 1020 FOR SUP CT INFO ****

S U P E R I O R   C O U R T   I N F O R M A T I O N

S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K

C O U N T Y   O F   K I N G S

-----------------------------------------------
                                             |
THE PEOPLE OF THE STATE OF NEW YORK          |
                                             |
              AGAINST                        |
                                             |
                                             |   SUPERIOR COURT
XP.    MANUEL NOTA                           |   INFORMATION NO.  12753/93
       DEFENDANT                             |   GRAY ZONE
       93K052542                             |
                                             |
                                             |
-----------------------------------------------

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE
CSCS 3              P.L. 220.39         AFO: N     SEX CRIME:

```
------------------------------------------------
                                              |
 THE PEOPLE OF THE STATE OF NEW YORK          |
                                              |
            AGAINST                           |
                                              |
                                              |   SUPERIOR COURT
 XP.    MANUEL NOTA                           |   INFORMATION NO. 12753/93
            DEFENDANT                          |
                                              |
                                              |
------------------------------------------------
```

THE DEFENDANT STATES THAT HE HAS READ SUPERIOR COURT
INFORMATION 12753/93 AND FURTHER STATES THAT:

UNDER SECTION 180.10 OF THE CRIMINAL PROCEDURE LAW,
HE HAS A RIGHT TO A PROMPT HEARING UPON THE ISSUE OF
WHETHER THERE IS SUFFICIENT EVIDENCE TO WARRANT THE COURT
IN HOLDING HIM FOR THE ACTION OF A GRAND JURY AND;

UNDER THE CONSTITUTION OF THE STATE OF NEW YORK, HE HAS THE
RIGHT TO BE PROSECUTED BY INDICTMENT FILED BY A GRAND JURY;

THE DEFENDANT WAIVES SUCH RIGHTS AND CONSENTS TO BE PROSECUTED
BY SUPERIOR COURT INFORMATION FILED BY THE DISTRICT ATTORNEY AND;

THE SUPERIOR COURT INFORMATION FILED SHALL CHARGE THE
FOLLOWING OFFENSE:

              CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE
                           THIRD DEGREE

THE SUPERIOR COURT INFORMATION FILED WILL HAVE THE SAME
FORCE AND EFECT AS AN INDICTMENT FILED BY A GRAND JURY.

_____
                    DEFENDANT

_____
                    DEFENSE ATTORNEY

THE DISTRICT ATTORNEY OF THE COUNTY OF KINGS
CONSENTS TO THE WAIVER OF INDICTMENT.

                    CHARLES J. HYNES
                    DISTRICT ATTORNEY

                    BY: _____
                    ASSISTANT DISTRICT ATTORNEY

STATE OF NEW YORK

SUPREME COURT, KINGS COUNTY

```
------------------------------------
PEOPLE OF THE STATE OF NEW YORK,   |          WAIVER OF
                                   |       RIGHT TO APPEAL
                  PLAINTIFF        |
                                   |
             V                     |       SUPERIOR COURT
                                   |    INFORMATION NO. 12753/93
MANUEL NOTA                        |
                                   |
        DEFENDANT.                 |
------------------------------------
```

    THE UNDERSIGNED DEFENDANT HEREBY WAIVES THE RIGHT TO
APPEAL ANY PLEA AND SENTENCE.  THE UNDERSIGNED EXECUTES THIS
WAIVER AFTER BEING ADVISED BY THE COURT OF THE NATURE OF THE RIGHTS
BEING WAIVED.  THE UNDERSIGNED HAS BEEN ADVISED OF THE RIGHT TO
TAKE AN APPEAL (CPL 450.10), TO PROSECUTE THE APPEAL AS A POOR
PERSON AND TO HAVE AN ATTORNEY ASSIGNED IN THE EVENT THAT THE
UNDERSIGNED IS INDIGENT, AND TO SUBMIT A BRIEF AND/OR ARGUE BEFORE
AN APPELLATE COURT, ON ANY ISSUES RELATING TO THE CONVICTION AND
SENTENCE.  THE UNDERSIGNED REPRESENTS THAT THIS WAIVER IS BEING
VOLUNTARILY, KNOWINGLY AND UNDERSTANDINGLY EXECUTED, OF THE
DEFENDANT'S OWN FREE WILL.

                         _manuel mota_____
                              DEFENDANT.

    THE UNDERSIGNED ATTORNEY REPRESENTS THAT PRIOR TO THE
SIGNING OF THE FOREGOING WAIVER, THE ABOVE NAMED DEFENDANT WAS
FULLY ADVISED OF THE RIGHTS OF A CONVICTED PERSON TO TAKE AN APPEAL
UNDER THE LAWS OF THE STATE OF NEW YORK.

    THE UNDERSIGNED FURTHER REPRESENTS THAT, IN MY PROFESSIONAL
OPINION, THE ABOVE WAIVER BY THE DEFENDANT OF THE RIGHT TO APPEAL
WAS VOLUNTARILY, KNOWINGLY AND UNDERSTANDINGLY MADE AND
RECOMMENDS TO THE COURT THAT THE WAIVER BE APPROVED.

                         ------------------------------------
                              COUNSEL FOR DEFENDANT.

    THE FOREGOING WAIVER WAS EXECUTED IN OPEN COURT BEFORE ME
AS THE TRIAL JUSTICE.  THE FOREGOING WAIVER WAS DISCUSSED WITH
THE DEFENDANT AND HIS ATTORNEY.

                         ------------------------------------
                              TRIAL JUSTICE



Case 1:04-cv-03215-FB-LB   Document 13-2   Filed 12/07/04   Page 35 of 44

S U P E R I O R   C O U R T   I N F O R M A T I O N

S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K

C O U N T Y   O F   K I N G S

----------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

        AGAINST

XP.  MANUEL NOTA
      DEFENDANT
      93K052542

      SUPERIOR COURT
      INFORMATION NO. 12753/93
      GRAY ZONE

----------------------------------------------

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD
    DEGREE

FIRST COUNT

THE DISTRICT ATTORNEY OF THE COUNTY OF KINGS BY THIS
INFORMATION ACCUSES THE DEFENDANT OF THE CRIME OF CRIMINAL SALE
OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE [P.L. 220.39]
COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT OCTOBER 14, 1993, IN THE
COUNTY OF KINGS, KNOWINGLY AND UNLAWFULLY SOLD A NARCOTIC DRUG,
NAMELY: CRACK COCAINE, TO A PERSON KNOWN TO THE GRAND JURY.

CHARLES J. HYNES

DISTRICT ATTORNEY

COURT ORDER FOR INVESTIGATION AND REPORT
To: New York City Department of Probation

[X] Supreme Court, Kings County    [ ] N.Y.C. Criminal Court, Kings County

Date **10/1/93**    Judge **Me Yee**

| Docket / Indictment no. | N.Y.S.I.D. | In custody: [ ]yes [✓]no |
|---|---|---|
| SCI - 1075-93 | 7,5,2,2,9,9,8,M | B & C: |

DEFENDANT: **Nota**    Last name, first **Manuel**    AKA

| ADDRESS: **159 So 2nd ST** | Apt **2** | floor | date of birth **4/21/75** |
|---|---|---|---|
| City **Bklyn** | State | Zip code **NY** | Telephone no. |

Offense) section, law

CONVICTED OF:
Adjudicated as:    **CS 153^10**

BY: [✓] plea   [ ] trial   on **11/1/93** (date)

ATTORNEY: **Visano**    Address: **AS**

Sentence Date **1-15**    Sentence Part **2N**    A.D.A. **Romano**

REPORT ORDERED:

[✓] Pre-Sentence Investigation.    [ ] Certificate of Relief from Disabilities.

[ ] Update - previous Investigation ordered on _____ (date)

[ ] Pre-Pleading Investigation (PPI Consent attached)-to be submitted on_____ (date)

[ ] P.S.I. Waived (Sentenced to Probation).    [ ]other_____

Special instructions/additional information (co-defendant's name, pending cases, etc.)

Details of any SENTENCE AGREEMENT the Court made with the Defendant:

**VO 5yrs Pub**

**THE DEFENDANT IS INSTRUCTED TO REPORT IMMEDIATELY TO THE PROBATION DEPARTMENT**
at 210 Joralemon St, 11th floor, by _____    Court Clerk

Accusatory instrument, ROR Report, & Criminal History Record attached to original.

| | Prior case no. | New case no. |
|---|---|---|
| [ ]Records checked | | [ ]Return date logged |

PROBATION

original: prob. dept.    yellow: defendant    pink: court file

(CR-2400) 4/93

**SUPREME COURT OF THE STATE OF NEW YORK**
ADVISEMENT TO DEFENDANT

YOUR FAILURE TO CONFORM TO ANY OF THE FOLLOWING CONDITIONS OF YOUR PROBATION, INCLUDING THE FAILURE TO REPORT TO YOUR PROBATION OFFICER, IS A VIOLATION OF PROBATION.

YOU HAVE A RIGHT TO BE PRESENT AT ANY HEARING TO DETERMINE WHETHER A VIOLATION OF PROBATION HAS OCCURRED. IF YOU INTENTIONALLY ABSENT YOURSELF FROM THE COURT'S JURISDICTION OR INTENTIONALLY FAIL TO APPEAR AT A VIOLATION OF PROBATION HEARING, A HEARING MAY BE HELD IN YOUR ABSENCE AND A REVOCATION OF YOUR PROBATION MAY RESULT.

_Supreme_ COURT OF _the STATE_ _of New York_

COUNTY OF _Kings_

...........................................................x

PEOPLE OF THE STATE OF NEW YORK,

—against:—

_MANUEL NOTA_

Ind./Docket No. _SCI_

CONDITIONS OF PROBATION

Defendant

...........................................................x

THE ABOVE-NAMED DEFENDANT HAVING BEEN

— convicted of the crime of _____

X found to be a youthful offender for the criminal act of ___ _CS CS 3° 220.39_ _____

in the criminal action entitled above.

and having been sentenced to:

— a _____ term of imprisonment, and to

X a _Five_ year period of probation to expire on _1-10-99_ unless terminated sooner in accordance with the Criminal Procedure Law.

— and to pay a fine in the amount of $_____.

if a

ORDERED, that during the period of probation the defendant shall comply with the following conditions and any other conditions which the Court may impose at any time prior to the expiration of the period of probation.

PROBATION CONDITIONS —THE PROBATIONER SHALL:

X 1. Report to a probation officer as directed by the Court or the probation officer and permit the probation officer to visit his or her place of abode or elsewhere.

A) Report immediately to _10th Fl   210  Jo Ralemond   ST   Brklyn, NY_

B) Upon release from custody report immediately to _____

X 2. Remain within the jurisdiction of the Court unless granted permission to leave by the Court or the probation officer.

X 3. Answer all reasonable inquiries by the probation officer and notify the probation officer prior to any change in address or employment.

X 4. Refrain from violating any federal, state or local law; notify the probation officer if arrested or questioned by any law enforcement official.

X 5. Avoid injurious or vicious habits.

X 6. Refrain from frequently unlawful or disreputable places.

X 7. Refrain from consorting with disreputable persons.

X 8. Work faithfully at a suitable employment or pursue a course of study or vocational training that can lead to suitable employment.

X 9. Support his or her dependents and meet other family responsibilities.

X 10. Undergo available medical or psychiatric treatment and remain in a specified institution when required for that purpose or directed by the Court or probation officer.

X 11. Participate in an alcohol or substance abuse program approved by the Court. _IF NEEDED EO_

— 12. Make restitution or reparation in the amount of $_____ for the benefit of _____

at a rate of $_____ per _____   to be paid in full by _____

Time Frame   Name of Victim

Pay such restitution or reparation, together with a designated surcharge of $_____ to _____   Date Prior to Expiration of Sentence

Name of Restitution Agency

— 13. Perform services for a public or not-for-profit corporation, association, institution or agency, as follows. _____

— 14. Spend a specified part of this sentence at a division for youth facility or attend a nonresidential program pursuant to P.L. §65.10(2) (ii), as follows: _____

— 15. Post a bond or security in the amount of $_____ for the performance of any or all conditions imposed.

— 16. Observe the specified conditions or conduct as set forth in an order of protection issued pursuant to CPL §530.12.

X 17. Comply with the following conditions which the court deems to be reasonably related to his or her rehabilitation: _True Testing  & Counseling if needed_

— 18. Obey the directions given by the probation officer to insure compliance with the Conditions of Probation. _____

Dated: _____   _Brklyn_   Jan 11, 19 _94_   New York

ENTER

_____
Justice/Judge

RECEIPT

I have this day received a copy of the foregoing Conditions of Probation.

Dated: _1/11/94_   X _Manuel Mota_
Defendant   (Signature)

Witness (Court Clerk)   (Signature)

# EXHIBIT
# E

COURT ORDER FOR INVESTIGATION AND REPORT
To: New York City Department of Probation

[X] Supreme Court, Kings County     [ ] N.Y.C. Criminal Court, Kings County

Date 11/1/93     Judge Meyer

| Docket / Indictment no. SCI- 12 1539 | N.Y.S.I.D. 7,5,2,3,1,5,5,Q | In custody: [ ]yes [X]no |
| | | B & C: |

DEFENDANT: Last name, first AKA
DIAZ Adrian

ADDRESS: 193 STOCKholm St   Apt + floor     date of birth 7/4/74

City Bklyn ny   State Zip code     Telephone no.

CONVICTED OF:
Adjudicated as: Offense, section, law   CPCS7°

BY: [X]plea   [ ]trial   on 11/1/93 (date)

ATTORNEY: SAFT     Address:

| Sentence Date 12-15 | Sentence Part N-2 | A.D.A. Umano |

REPORT ORDERED:
[X] Pre-Sentence Investigation.     [ ] Certificate of Relief from Disabilities.

[ ] Update - previous Investigation ordered on _____ (date)

[ ] Pre-Pleading Investigation (PPI Consent attached)-to be submitted on _____ (date)

[ ] P.S.I. Waived (Sentenced to Probation).     [ ]other _____

Special instructions/additional information (co-defendant's name, pending cases, etc.)

Details of any SENTENCE AGREEMENT the Court made with the Defendant:
3yrs PwB

THE DEFENDANT IS INSTRUCTED TO REPORT IMMEDIATELY TO THE PROBATION DEPARTMENT
at 210 Joralemon St, 11th floor, by _____     Court Clerk

| PROBATION | Accusatory instrument, ROR Report, & Criminal History Record attached to original. | | |
| | | Prior case no. | New case no. |
| | [ ] Records checked | | [ ]Return date logged |

original: prob. dept.     yellow: defendant     pink: court file
(CR-2400) 4/93

# EXHIBIT
# F

Case 1:04-cv-03215-FB-LB    Document 13-2    Filed 1/07/04    Page 41 of 44



CRIMINAL COURT
OF THE CITY OF NEW YORK
FELONY COMPLAINT

COURT NUMBER
93K052543

The People of the State of New York

County KINGS COUNTY

PEOPLE OF THE STATE OF N. Y.
v

1) DIAZ, ADRIAN     (M) 19Y
193 STOCKHOLM STREET #4
BKLYN, NY

DEFENDANT'S ARE CHARGED WITH:
PL 220.06-5, PL 205.30
PL 220.16-1, PL 220.03

ARREST SERIAL #: COMPLAINT PREPARED BY

| Date | Court Action **1** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | | Consent | Defendant | Defendant | Defendant | |
| Part | | Court | Attorney | Attorney | Attorney | |

Reason for Adjournment

**Reporter**

SPEEDY TRIAL

————————Adjournment period to be excluded under 30.30 CPL

————————Adjournment period to be charged under 30.30 CPL

**Judge**

————————The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.

**Bail Condition**

————————The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

| Date | Court Action **2** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | 93K052543 | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | | Consent | Defendant | Defendant | Defendant | |
| Part | | Court | Attorney | Attorney | Attorney | |

Reason for Adjournment

**Reporter**

SPEEDY TRIAL

————————Adjournment period to be excluded under 30.30 CPL

————————Adjournment period to be charged under 30.30 CPL

**Judge**

————————The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.

**Bail Condition**

————————The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

| Date | Court Action **3** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | | Consent | Defendant | Defendant | Defendant | |
| Part | | Court | Attorney | Attorney | Attorney | |

Reason for Adjournment

**Reporter**

SPEEDY TRIAL

————————Adjournment period to be excluded under 30.30 CPL

————————Adjournment period to be charged under 30.30 CPL

**Judge**

————————The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.

**Bail Condition**

————————The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

| Date | Court Action **4** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | | Consent | Defendant | Defendant | Defendant | |
| Part | | Court | Attorney | Attorney | Attorney | |

Reason for Adjournment

**Reporter**

SPEEDY TRIAL

————————Adjournment period to be excluded under 30.30 CPL

————————Adjournment period to be charged under 30.30 CPL

**Judge**

————————The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.

**Bail Condition**

————————The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

Court No.          Defendant          RECORD OF COURT ACTION

CRIMINAL COURT OF THE CITY OF NEW YORK

NOTICE OF APPEARANCE

PEOPLE OF THE STATE OF NEW YORK,

against

_Andrew M._ , Defendant

County _K_ Part _AR1_

Docket Number/Year _93K6952583_

_Spousei Domestic_

To the Clerk of the Court:

You are hereby notified that I represent the defendant in the above-entitled action.

ATTORNEY _Michael A. Fisher_
Print Attorney's Name

By _____
         Signature

☐ Legal Aid (Assigned)
☒ County Law (Assigned)
☐ Retained

Address _____

Telephone _516-678-9892_
Area Code - Number

Dated: City of New York   _10-15-93_

CRC 3014 [CRC 2601]
(6/92)

CRIMINAL COURT OF THE CITY OF NEW YORK
Case 1:04-cv-04151-AKH Document 13-2    Filed 12/07/04   Page 44 of 44
COUNTY OF KINGS

```
------------------------------------------->
THE PEOPLE OF THE STATE OF NEW YORK       >
                              v.           >            STATE OF NEW YORK
                                 93 OCT 15 PM 3:01       COUNTY OF KINGS
        ADRIAN DIAZ                         >
                                            >
          DEFENDANT                         >
------------------------------------------->
```

OFF. CHRIS BERKEL OF PSA-3, SHIELD #2689 SAYS THAT ON OR ABOUT
        OCTOBER 14, 1993 AT APPROXIMATELY 1:44PM AT F/O 91 GRAHAM , COUNTY OF
        KINGS, STATE OF NEW YORK,

        THE DEFENDANT COMMITTED THE OFFENSES OF:
        PL 220.03          CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
                           IN THE SEVENTH DEGREE
        PL 220.06-5    •   CRIMINAL POSSESSION OF CONTROLLED SUBSTANCE IN
                           THE 5TH DEGREE
        PL 220.16-1        CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
                           IN THE THIRD DEGREE
        93K052543          RESISTING ARREST

IN THAT THE DEFENDANT DID:   KNOWINGLY AND UNLAWFULLY POSSESS A
CONTROLLED SUBSTANCE; KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC
DRUG WITH INTENT TO SELL IT; KNOWINGLY AND UNLAWFULLY POSSESS FIVE
HUNDRED MILLIGRAMS OR MORE OF COCAINE; AND INTENTIONALLY PREVENT OR
ATTEMPT TO PREVENT A POLICE OR PEACE OFFICER FROM EFFECTING AN
AUTHORIZED ARREST (AS SPECIFIED BELOW).


THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S
BELIEF ARE AS FOLLOWS:

        AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED THE DEFENDANT
IN POSSESSION OF A QUANTITY OF WHITE TOP VIALS OF CRACK-COCAINE
CONTAINING 500 MILLIGRAMS OR MORE OF COCAINE WHICH DEPONENT RECOVERED
FROM THE GROUND AT THE DEFENDANT'S FEET.
        DEPONENT FURTHER STATES THAT DEFENDANT SWUNG HIS ARMS AROUND AND
REFUSED TO BE HANDCUFFED.
        DEPONENT FURTHER STATES THAT DEPONENT HAS HAD PROFESSIONAL
TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF CRACK-COCAINE,
HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF
CRACK-COCAINE AND HAS PREVIOUSLY SEIZED CRACK-COCAINE WHICH WAS
DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE OFFICE
DEPARTMENT LABORATORY; AND THE SUBSTANCE IN THIS CASE POSSESSES THE
SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY
IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A
POLICE OFFICER, IS FAMILIAR WITH THE COMMON METHODS OF PACKAGING
CRACK-COCAINE AND THE VIALS USED TO PACKAGE THE SUBSTANCE IN THIS
CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.
        BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN
THIS CASE IS CRACK-COCAINE.


                        FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
                        PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
                        TO SECTION 210.45 OF THE PENAL LAW.

        10/14/93    P.O. C. Berkel
        DATE            SIGNATURE