UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JABBAR COLLINS,

                          Plaintiff,

      -against-

JONATHAN LIPPMAN, individually, and as
Chief Administrative Judge for the New York
City Office of Court Administration; JAMES
F. IMPERATRICE, individually, and as Chief
Clerk of the Criminal Term of the Supreme
Court, Kings County; and JOHN DOES 1-3,
individually, and as Justices of the Supreme
Court, Kings County,

                         Defendants.

-------------------------------------------------------------X

**AFFIDAVIT OPPOSING MOTION TO QUASH SUBPOENA**

04 CV 3215 (FB)(LB)

JABBAR COLLINS, being duly sworn, hereby states the following is true:

1. I am the plaintiff in this action and submit this affidavit in opposition to non-party the New York City Department of Probation's ("NYCDOP") January 10, 2005 motion to quash my November 24, 2004 subpoena duces tecum. My subpoena demanded production of various NYCDOP regulations and, <u>inter alia</u>, the case file of former probationer Adrian Diaz ("Diaz").

2. The NYCDOP consents to disclosure of the regulations but opposes disclosure of Diaz's case file on three grounds: (1) the case file is "confidential", (2) its disclosure could endanger Diaz's life or invade the

1

RECEIVED
JAN 2 7 2005
PRO SE OFFICE

personal privacy of third parties, and (3) I failed to demonstrate the case file's relevance. The NYCDOP's contentions are meritless.

## I. FACTUAL BACKGROUND

### Collins' Factual Investigation

3. Plaintiff Jabbar Collins ("Collins") is a paralegal employed in Green Haven Correctional Facility's law library. Collins v. Pearlman, 302 A.D.2d 382 (2d Dep't 2003). Over the course of various investigations, Collins uncovered irreconcilable discrepancies with the filings in various Kings County court cases, one of which was People v. Adrian Diaz, Information Number 12753/93 ("Diaz"), filed in the Supreme Court, Kings County.

4. On December 15, 1993 Diaz was sentenced to a three year term of probation (a copy of Diaz's December 15, 1993 Conditions of Probation is annexed as Exhibit A).

5. Pursuant to New York P.L. §65.15 (2) Diaz's three year probationary term commenced that day and expired three years later on December 14, 1996 (Exhibit A).

6. The Diaz docket sheet, case jacket, and Criminal Records Information Management System ("CRIMS") Appearance History all indicate that the last occurrence in Diaz was Diaz's failure to pay his fine on February 2, 1994 (a copy of the Diaz docket sheet, case jacket, and CRIMS Appearance History is annexed as Exhibit B).

7. Collins' investigation, however, established Diaz's probationary term was extended to December 1998, two years after its scheduled expiration date, necessarily requiring further court action which was not reflected on the docket sheet, case jacket, and CRIMS Appearance History for Diaz.

8. Unable to reconcile this discrepancy, in November 2003 Collins retained licensed private investigator Donna M. Daiute ("Daiute") to conduct an investigation regarding the disposition of Diaz's probationary term (a copy of Daiute's December 21, 2004 affidavit is annexed as Exhibit C).

9. On November 19, 2003 Daiute interviewed Ms. Rosa Wilson ("Wilson"), a supervisor at the Kings County branch of the NYCDOP. Exhibit C at ¶5. Wilson informed Daiute that Diaz's probationary term "maxed out" on December 14, 1998 concluding the NYCDOP's supervision. Exhibit C at ¶8.[1]

10. Wilson explained to Daiute that Diaz's probationary term was apparently extended as a consequence of a violation of probation. Exhibit C at ¶10.[2] Wilson explained that a conviction for criminal possession of a

---

[1] A NYCDOP computer print out submitted in support of defendant's December 7, 2004 motion to dismiss bolsters Daiute's findings (a copy of the NYCDOP computer print out is annexed as Exhibit D). Page 1 indicates that while Diaz was not required to report subsequent to 1996, the maximum expiration date ("MED") of his probationary term was December 14, 1998.

[2] Indeed, on January 6, 1994 -only three weeks after Diaz was sentenced- he tested positive for marijuana (Exhibit D at 2). This is so
(continued....)

controlled substance in the 7th degree is a misdemeanor that carries a maximum probation sentence of three years. Exhibit C at ¶9. Diaz, however, remained under NYCDOP supervision for five years. Exhibit C at ¶9.

11. New York law confirms Wilson's assessment. Under New York law, the only way Diaz's probationary term could extend beyond its December 14, 1996 expiration date was if the court that imposed the probationary term, declared Diaz delinquent and subsequently modified the term thereby tolling the intervening period between declaration and modification. See, e.g., People v. Gonzalez, 12/23/04 N.Y.L.J. p.19 col.3 (Sup. Ct. Sullivan County)("Once the violation of probation was filed, [the defendant's] probationary term was interrupted by the defendant's absconding and the time tolled. He did not receive any credit towards his probationary sentence for the time he was in violation. Thus, from February 23, 1996 through January 14, 2002 he receives no credit on his probationary sentence.").

12. Such a modification or extension of Diaz's probationary term necessarily required court action and the generation of numerous court documents (C.P.L. §410.10, et. seq.).

---

(...continued)2

despite the fact that as a "special condition" of his probation, the NYCDOP required him to participate in a drug treatment program (Exhibit D at 1).

13. Daiute was unable to obtain any court documentation relating to the extension of Diaz's probationary term. However, another licensed private investigator Collins retained, Vincent Parco, President of Intercontinental Investigations, was able to obtain an October 28, 2002 decision issued in Diaz granting his motion for a copy of his presentence report (a copy of the October 28, 2002 decision is annexed as Exhibit E). Neither that decision or the pleadings upon which it was based are listed on the Diaz docket sheet, case jacket or CRIMS Appearance History (Exhibit B).

14. Having established the existence of various records (¶¶7-13, supra) that are not reflected on the Diaz docket sheet, case jacket and CRIMS Appearance History, by a letter dated July 13, 2004 Collins requested a copy of every sealed record held by the Kings County Supreme Court regarding Diaz (Complaint at ¶¶71-74). Defendants refused to disclose the sealed records (Complaint at ¶¶74-79). Indeed, defendants claim that there were "no ... records generated in Diaz subsequent to [Diaz's] December 15, 1993 sentence date." (November 30, 2004 affidavit of defendant James F. Imperatrice at ¶19, annexed as Exhibit F).

**Collins' 42 U.S.C. §1983 Complaint**

15. On July 27, 2004 Collins commenced the underlying civil rights action pursuant to 42 U.S.C. §1983. Collins asserted two theories.

16. First, Collins asserted defendants maintained "dual docket sheets" for Diaz (Collins' verified First Amended Complaint ("Complaint") at ¶¶3-4; ¶¶55-62).

17.   The public docket sheet for <u>Diaz</u> lists documents and actions taken in the case that are available for public review. <u>Id.</u> The sealed docket sheet, however, lists documents and actions taken in the case that are covertly sealed and unavailable for public inspection. Id. The sealed docket sheet itself is likewise unavailable for public inspection. <u>Id.</u>; <u>United States v. Gotti</u>, 322 F.Supp.2d 230, 243 (E.D.N.Y. 2004)(Block, J.)(noting this circuit's holding that the public possesses a First Amendment right of access to dockets sheets); <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 96 (2d Cir. 2004)(noting that a "dual docketing system" violated the public's First Amendment right of access to judicial records).

18.   Secondly, Collins asserted defendants maintained "surreptitiously sealed records" regarding occurrences in Diaz's case subsequent to February 9, 1994. These records consist of numerous documents filed with the court regarding Diaz's probationary term (Complaint at ¶33; ¶¶39-54), and other matters, (Complaint at ¶71).

19.   Both the sealed docket sheet and the surreptitiously sealed records were sealed by administrative fiat or by court order which itself was placed under seal thereby preventing public notice, scrutiny, or challenge (Complaint at ¶¶55-70). Collins argued either method of sealing violated his right of access to judicial documents under the First Amendment, and his right to substantive and procedural due process under the Fifth and Fourteenth Amendments. <u>See</u>, e.g., <u>United States v. Gotti</u>, 322 F.Supp.2d 230, (E.D.N.Y. 2004)(Block, J.)(noting line of Second Circuit case law establishing public's right of access to judicial documents); <u>United States v. Antar</u>, 38 F.3d 1348, 1361 (3d Cir. 1994)(holding court's

sealing of transcripts raised "important due process clause issues" and that "at a minimum, procedural due process requires that the deprivation of a protected interest be accompanied by notice and an opportunity to be heard at a meaningful time, and in a meaningful manner.").

### Collins' Subpoena Duces Tecum

20. On December 13, 2004 Collins served the NYCDOP with his November 24, 2004 subpoena duces tecum issued in this action by Pro Se Clerk Ralph Vega. The NYCDOP was ordered to produce, inter alia, all 1993-1998 NYCDOP regulations regarding the processing of violations of probation and Diaz's cumulative case file, 9 N.Y.C.R.R. §348.1. Collins also served a December 14, 2004 letter to NYCDOP Assistant General Counsel David H. Yin outlining the applicable standard for resisting the subpoena (a copy of Collins' November 24, 2004 subpoena and December 14, 2004 letter to David H. Yin, is annexed as Exhibit G).

21. By a motion dated January 10, 2005 the NYCDOP moved to quash Collins' subpoena. The NYCDOP consents to disclosure of its 1993-1998 regulations regarding the processing of probation violations but objected to the remainder of the subpoena.[3]

---

[3] The NYCDOP does not challenge this court's issuance of the subpoena or this court's adjudication of its motion to quash. Indeed, it has waived any claim in that regard. See, Platypus Wear, Inc. v. K.D. Company, Inc., 905 F.Supp 808, 810 (S.D. Cal. 1995)(whether subpoena was issued from incorrect federal district court was moot issue where witness partially complied with subpoena and plaintiff sought an order overruling a claimed privilege).

(continued.....)

22.   As Collins demonstrates in his accompanying memorandum of law, the NYCDOP's motion to quash must be denied as a matter of law. The NYCDOP's simply advances no legally cognizable basis to have Collins' subpoena quashed and federal law mandates compliance.

WHEREFORE, Collins respectfully requests that this court issue an order (1) denying the NYCDOP's motion to quash his November 24, 2004 subpoena, (2) directing the NYCDOP to disclose all subpoenaed records, and (3) such further relief as this court deems proper.

Dated: Stormville, New York
January 24, 2005

_____
JABBAR COLLINS

Sworn to me this
____ day of _____, 2005
_____
NOTARY PUBLIC

PATRICIA M. MUNDELL
NOTARY PUBLIC STATE OF NEW YORK
Qualified in ~~Oneida~~ Dutchess County 4782564
My Commission Expires 7-31-2005

(...continued)3

The "production" of the subpoenaed records was required at Green Haven Correctional Facility located in the Southern District of New York. Collins' subpoena, however, was issued from the Eastern District. On January 10, 2005 Collins left a message on NYCDOP Assistant General Counsel David H. Yin's answering service explaining the implications of his failure to raise this issue in the NYCDOP's motion to quash. To avoid unnecessary objections, however, Collins asked that the NYCDOP waive any objection to the subpoena's issuance or this court's adjudication of this motion.

8

Re: <u>Collins v. Lippman, et. al.</u>
<u>04 CV 3215 (FB)(LB)</u>

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF DUTCHESS )

I, <u>JABBAR COLLINS</u>, being duly sworn,

deposes and says:

I am the within mentioned defendant / petitioner and have served a copy of the following papers:

January 24, 2005 affidavit and memorandum of law opposing

non-party the N.Y.C. Department of Probation's motion to quash

plaintiff's subpoena duces tecum

Upon the below listed parties:

1. Lisa Ghartey, Assistant Attorney General, N.Y. State Attorney General's Of~~fice, 120 Broadway, 24th Floor,~~ New York, N.Y. 10271

2. David H. Yin~~, Assistant General Counsel, N.~~Y.C. Department of Probation, 33 Beaver Street, Room 2124, New York, N.Y. 10004

by placing the above in a post-paid envelope and depositing it in a United States Postal Mailbox located

within Green Haven Correctional Facility, Stormville, New York 12582 on the __24th__ day of ~~January,~~ 2005

200_5_, as due and sufficient services.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ JAN 27 2005 ★
BROOKLYN OFFICE

_____
JABBAR COLLINS

Sworn to before me this
_24th_ day of _January_, 200_5_.

_____
NOTARY PUBLIC

PAUL J BRAUN
Notary Public State of New York
Qualified in Dutchess County
Commission # 01BR6078858
Commission Expires Dec 23, 2006

Jabbar Collins
95A2646
P.O. Box 4000
Stormville, New York 12582-0010


January 24, 2005


Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Re:  Collins v. Lippman, et al.
     04 CV 3215 (FB)(LB)


Dear Judge Block:

Enclosed please find a courtesy copy of my opposition to non-party the New York City Department of Probation's January 10, 2005 motion to quash my November 24, 2004 subpoena duces tecum. The original along with proof of service is being filed with the Clerk's Office.

I also ask that the court please consider Point II of my memorandum as my opposition to defendants' January 12, 2005 request to stay discovery in this action pending disposition of their motion to dismiss.

Respectfully,

Jabbar Collins

cc:  Lisa Ghartey
     Assistant Attorney General
     New York State Attorney General's Office
     120 Broadway, 24th Floor
     New York, New York 10271-0332

     David H. Yin
     Assistant General Counsel
     New York City Department of Probation
     33 Beaver Street, Room 2124
     New York, New York 10004


RECEIVED JAN 2 7 2005 PRO SE OFFICE