UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JABBAR COLLINS,

                                Plaintiff,

      -against-

JONATHAN LIPPMAN, individually, and as Chief Administrative Judge for the New York City Office of Court Administration; JAMES F. IMPERATRICE, individually, and as Chief Clerk of the Criminal Term of the Supreme Court, Kings County; and JOHN DOES 1-3, individually, and as Justices of the Supreme Court, Kings County,

                                Defendants.

-------------------------------------------------------X

**NOTICE OF MOTION**

04 CV 3215 (FB)(LB)

PLEASE TAKE NOTICE, that upon the annexed memorandum of law and exhibit of Jabbar Collins, and upon all prior proceedings had herein, plaintiff will move this court, at the courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201 on a date determined by the court, for an order pursuant to Rule 6.3 of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, granting him reargument of this court's (Bloom, J.) January 21, 2005 order quashing his subpoena and staying discovery, vacting that order, denying the motions to quash the subponea and stay discovery, and such further relief as this court deems proper.

RECEIVED
JAN 3 1 2005
PRO SE OFFICE

Dated: Stormville, New York
January 27, 2005

JABBAR COLLINS
95A2646
Plaintiff
P.O. Box 4000
Stormville, New York
12582-0010

TO:

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Court Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Misbaeth Lisa Ghartey
Assistant Attorney General
New York State Attorney General's Office
120 Broadway, 24th Floor
New York, New York 10271-0332

David H. Yin
Assistant General Counsel
New York City Department of Probation
33 Beaver Street
New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JABBAR COLLINS,

                        Plaintiff,

          -against-

JONATHAN LIPPMAN, individually, and as
Chief Administrative Judge for the New York
City Office of Court Administration; JAMES
F. IMPERATRICE, individually, and as Chief
Clerk of the Criminal Term of the Supreme
Court, Kings County; and JOHN DOES 1-3,
individually, and as Justices of the Supreme
Court, Kings County,

                        Defendants.

------------------------------------------------------------X

04 CV 3215 (FB)(LB)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REARGUMENT

                                      JABBAR COLLINS
                                      95A2646
                                      Plaintiff
                                      P.O. Box 4000
                                      Stormville, New York
                                      12582-0010

January 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JABBAR COLLINS,

                         Plaintiff,      04 CV 3215 (FB)(LB)

    -against-

JONATHAN LIPPMAN, individually, and as
Chief Administrative Judge for the New York
City Office of Court Administration; JAMES
F. IMPERATRICE, individually, and as Chief
Clerk of the Criminal Term of the Supreme
Court, Kings County; and JOHN DOES 1-3,
individually, and as Justices of the Supreme
Court, Kings County,

                        Defendants.

------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff Jabbar Collins ("Collins") submits this memorandum of law in support of his motion pursuant to Local Rule 6.3 for an order granting reargument of this court's (Bloom, J.) January 21, 2005 decision quashing his subponea and staying discovery in this action.

## POINT I

### THE COURT'S ORDER QUASHING COLLINS' SUBPOENA AND STAYING DISCOVERY IN THIS ACTION (1) OVERLOOKED MATERIAL FACTS AND DISPOSITIVE ISSUES OF LAW, AND (2) IS CLEARLY ERRONEOUS AND CONTRARY TO LAW.

On December 13, 2004 Collins served non-party the New York City Department of Probation ("NYCDOP") with his November 24, 2004 subpoena duces tecum commanding production of various records relevant to this action. By a motion dated January 10, 2005 -returnable January 18, 2005- the NYCDOP moved to quash Collins subpoena. The NYCDOP's motion was explicitly <u>directed to Judge Block</u>. Collins' received the NYCDOP's motion on January 14, 2005.

That same day, January 14, 2005, Collins wrote to the court requesting a ten (10) day extension to January 28, 2005 to file his opposition to the NYCDOP's motion to quash his subpoena. A family member also called the court's chambers (Block, J.) and left a message for the court's case manager verbally requesting the extension on Collins' behalf.

By a letter dated January 10, 2005 -received by Collins on **January 18, 2005**- defendants in this action moved to stay "all" discovery in this action pending the court's resolution of their December 7, 2004 motion to dismiss. By a letter dated January 18, 2005 Collins wrote to Judge Block requesting a ten day extension to January 28, 2005 to oppose defendants' request to stay. On January 25, 2005 Collins served his opposition to the NYCDOP's motion to quash *and* defendants' motion to stay discovery in this action.

2

Upon information and belief, Collins' opposition was received by the court on January 27, 2005.

That same day, however, Collins received the court's (Bloom, J.) January 21, 2005 endorsement (1) quashing "the two subpoenas served in this case" and (2) staying "all discovery pending determination of defendants' motion by Judge Block." (Exhibit A).¹ The court's order overlooked material matters and controlling decisions that mandated denial of both the NYCDOP's motion to quash and defendants' motion to stay. Moreover, the order was clearly erroneous and contrary to law in several respects:

1. Collins was never afforded an opportunity to oppose the NYCDOP's motion to quash his subpoena. As previously stated, on January 14, 2005 Collins requested an extension to January 28, 2005 to file his opposition. On January 16, 2005 Collins additionally left a message on Judge Block's case manager's answering service requesting the extension. Nevertheless, on January 21, 2005 Judge Bloom quashed Collins' subpoena duces tecum **without considering** Collins' January 24, 2005 opposition. Because Collins' opposition demonstrates the NYCDOP's motion to quash was required to be denied as a matter of law, the court erred in rendering its decision without considering Collins' opposition;

2. Defendants' lacked standing to seek a stay of Collins' non-party discovery. See, Howard v. Galesi, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)("...[S]ince the Notice of Deposition and accompanying Document Production Request was served upon [a non-party], the defendant cannot realistically claim that he needs protection.");

---

1   The court's order states that it quashed the "two" subpoenas issued in this case. However, Collins only served one of those subpoenas -to the NYCDOP. As Collins explained to Judge Block in his January 18,
(continued...)

3. Collins was entitled to discovery as a matter of law with respect to defendants' asserted jurisdictional defenses. See, Filus v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990)("...[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue[.]...."); Sizova v. National Institute of Standards and Technology, 282 F.2d 1320, 1326 (10th Cir. 2002)("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."); id. at 1316 ("Although a district court has discretion in the manner by which it resolves an issue of subject matter jurisdiction under Rule 12 (b)(1), a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant.")(internal citations omitted);

4. Defendants' asserted immunity defenses could not bar Collins' discovery because his complaint asserted claims for prospective relief. See, Lugo v. Alvardo, 819 F.2d 5, 6 (1st Cir. 1987)(noting the "powerful policy reasons why discovery should not be halted" when a complaint raises both damage and equitable relief claims);

5. Defendants' explicit concession that Collins was not a party in the underlying criminal action ("Diaz") rendered the Rooker-Feldman doctrine inapplicable as a matter of law. See, Hartford Courant Co. v. Pellegrino, 380 F.3d 80, 101 (2d Cir. 2004)(the Rooker-Feldman doctrine "is generally not applied to bar a suit by those who were not parties to the original state court action.'"); and

6. Collins' demand for prospective relief mooted defendants' Eleventh Amendment immunity claims and arguments regarding the lack of personal involvement on part of defendants. See, Ramirez v. Coughlin, 919 F.Supp. 617, 623 (N.D.N.Y. 1996)("...[T]he doctrine of personal involvement, like the doctrine of qualified immunity, does not bar either declaratory or injunctive relief....").

---

(...continued)1

2005 letter requesting an extension to oppose defendants' motion to stay, he never served his second subpoena as he was awaiting a stipulation to take the proposed deposition by telephone.

As Collins' more fully explained on pages 1 through 23 of Collins' January 24, 2005 memorandum of law opposing the NYCDOP's motion to quash Collins subpoena (annexed as Exhibit B), the NYCDOP's motion to quash Collins' subpoena must be denied as a matter of law. As demonstrated on pages 24 through 38 of that memorandum, defendants' motion to stay was required to be denied as a matter of law. Collins respectfully incorporates those arguments here and refers the court to those pages of his memorandum for a full discussion of the material issues of law and fact overlooked by the court, and why its decision was both clearly erroneous and contrary to law.

## **CONCLUSION**

REARGUMENT SHOULD BE GRANTED, (1) THE COURT'S JANUARY 21, 2005 ORDER STAYING DISCOVERY AND QUASHING COLLINS' SUBPOENA VACATED, (2) THE DEFENDANTS' MOTION TO STAY AND THE NYCDOP'S MOTION TO QUASH DENIED, AND (3) THE NYCDOP COMPELLED TO COMPLY WITH COLLINS' SUBPOENA.

JABBAR COLLINS
Plaintiff

January 27, 2005

Jabbar Collins
95A2646
P.O. Box 4000
Stormville, New York 12582-0010

January 27, 2005

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Collins v. Lippman, et. al.,</u>
    04 CV 3215 (FB)(LB)

Dear Judge Bloom:

Enclosed please find (1) my January 27, 2005 motion for reargument of your January 21, 2005 decision quashing my subpoena and staying discovery, and (2) my January 27, 2005 objections to that decision.

Respectfully,

Jabbar Collins

cc: Honorable Frederic Block
    United States District Judge
    United States District Court
    Eastern District of New York
    225 Cadman Plaza East
    Brooklyn, New York 11201

    Lisa Ghartey
    Assistant Attorney General
    New York State Attorney General's Office
    120 Broadway, 24th Floor
    New York, New York 10271

    David H. Yin
    Assistant General Counsel
    New York City Department of Probation
    33 Beaver Street
    New York, New York 10004

*CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* JAN 31 2005 *
BROOKLYN OFFICE*

DECLARATION OF SERVICE

Re: <u>Collins v. Lippman, et al.</u>,
    04 CV 3215 (FB)(LB)

JABBAR COLLINS, hereby declares under the penalty of perjury that the following is true:

1. I am the plaintiff in this action and reside at Green Haven Correctional Facility, P.O. Box 4000, Stormville, New York 12582-0010.

2. On January 27, 2005 I served a true copy of my (1) January 27, 2005 motion for reargument of the court's January 21, 2005 decision quashing my subpoena and staying discovery in this action, and (2) my January 27, 2005 objections to that decision, upon: (a) Lisa Ghartey, Assistant Attorney General, New York State Attorney General's Office, 120 Broadway, 24th Floor, New York, New York 10271-0332, and (b) David H. Yin, Assistant General Counsel, New York City Department of Probation, 33 Beaver Street, New York, New York 10004.

Dated: Stormville, New York
       January 27, 2005

_____
JABBAR COLLINS