# TABLE OF CONTENTS

| Document | Exhibit |
|---|---|
| Diaz's Conditions of Probation | A |
| Collin's First Amended Complaint | B |
| NYCDOP Artsface Sheet | C |
| Diaz Docket Sheet, Case Jacket, and CRIMS Appearance History | D |
| Invesitigaor Donna M. Daiute's December 21, 2004 Affidavit | E |
| October 28, 2002 Decision In Diaz by Honorable Lawerence Knipel | F |
| Defendant James F. Imperatrice's November 30, 2004 Affidavit | G |
| Collins' November 24, 2004 Supboena Ducues Tecum | H |
| NYCDOP's January 10, 2005 Motion To Quash Collins' Subpoena | I |
| NYCDOP EPAP 10-4-85 and 10-11-85 | J |
| CRIMS Appearance History dated April 6, 2004 | K |
| CHRS Search Report dated July 21, 2004 | L |
| CRIMS Appearance History dated November 11, 2002 | M |
| Defendant James F. Imperatrice's September 14, 2004 letter to Collins | N |



Case 1:04-cv-03215-FB-LB   Document 39-1   Filed 03/04/08   Page 3 of 46

**SUPREME COURT OF THE STATE OF NEW YORK**

ADVISEMENT TO DEFENDANT

YOUR FAILURE TO CONFORM TO ANY OF THE FOLLOWING CONDITIONS OF YOUR PROBATION, INCLUDING THE FAILURE TO REPORT TO YOUR PROBATION OF-FICER, IS A VIOLATION OF PROBATION.

YOU HAVE A RIGHT TO BE PRESENT AT ANY HEARING TO DETERMINE WHETHER A VIOLATION OF PROBATION HAS OCCURRED. IF YOU INTENTIONALLY ABSENT YOURSELF FROM THE COURT'S JURISDICTION OR INTENTIONALLY FAIL TO APPEAR AT A VIOLATION OF PROBATION HEARING, A HEARING MAY BE HELD IN YOUR ABSENCE AND A REVOCATION OF YOUR PROBATION MAY RESULT.

_Supreme_ COURT OF _the STATE of New York_

COUNTY OF _KINGS_

-----------------------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK,

—against—     _SEE_ 12753-83

_ADRIAN DIAZ_     Ind./Docket No.

CONDITIONS OF PROBATION

Defendant.

-----------------------------------------------------------------------x

THE ABOVE-NAMED DEFENDANT HAVING BEEN

☒ convicted of the crime of _CPCS 7° 220.03_

☐ found to be a youthful offender for the criminal act of _____

In the criminal action entitled above,

and having been sentenced to:

☐ a _____ term of imprisonment, and to

☒ a _Three_ year period of probation to expire on _12.14.96_ unless terminated sooner in accordance with the Criminal Procedure Law.

☐ and to pay a fine in the amount of $_____.

it is

ORDERED, that during the period of probation the defendant shall comply with the following conditions and any other conditions which the Court may impose at any time prior to the expiration of the period of probation:

PROBATION CONDITIONS—THE PROBATIONER SHALL:

1. Report to a probation officer as directed by the Court or the probation officer and permit the probation officer to visit at his/her place of abode or elsewhere.

A) Report immediately to _1044 F/ 210 Joralemon St. Bklyn, NY_

B) Upon release from custody report immediately to _____

2. Remain within the jurisdiction of the Court unless granted permission to leave by the Court or the probation officer.

3. Answer all reasonable inquiries by the probation officer and notify the probation officer prior to any change in address or employment.

4. Refrain from violating any federal, state or local law; notify the probation officer if arrested or questioned by any law enforcement official.

5. Avoid injurious or vicious habits.

6. Refrain from frequenting unlawful or disreputable places.

7. Refrain from consorting with disreputable persons.

8. Work faithfully at a suitable employment or pursue a course of study or vocational training that can lead to suitable employment.

9. Support his or her dependents and meet other family responsibilities.

10. Undergo available medical or psychiatric treatment and remain in a specified institution when required for that purpose or directed by the Court or probation officer.

11. Participate in an alcohol or substance abuse program approved by the Court. _if needed_

12. Make restitution or reparation in the amount of $_____ for the benefit of _____

Name of Victim

at a rate of $_____ per_____     _____ to be paid in full by _____

Time Frame     Date Prior to Expiration of Sentence

Pay such restitution or reparation, together with a designated surcharge of $_____ to_____

Name of Restitution Agency

13. Perform services for a public or not-for-profit corporation, association, institution or agency, as follows: _____

14. Spend a specified part of this sentence at a division for youth facility or attend a nonresidential program pursuant to P.L. §65.10(2) (l), as follows: _____

15. Post a bond or security in the amount of $_____ for the performance of any or all conditions imposed.

16. Observe the specified conditions or conduct as set forth in an order of protection issued pursuant to CPL §530.12.

17. Comply with the following conditions which the court deems to be reasonably related to his or her rehabilitation: _Drug Testing & Counselling if needed_

18. Obey the directions given by the probation officer to insure compliance with the Conditions of Probation.

ENTER

Dated: _Brooklyn_ New York, _Dec 19 93_

_Dec 16_

_____
Justice/Judge

RECEIPT

I have this day received a copy of the foregoing Conditions of Probation.

Dated: _12/15/93_     ☒ _Adrian Diaz_

Witness (Court Clerk)     (Signature)     Defendant     (Signature)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| JABBAR COLLINS, | : |
| Plaintiff, | : |
| -against- | : |
| JONATHAN LIPPMAN, individually, and as Chief Administrative Judge for the New York City Office of Court Administration; JAMES F. IMPERATRICE, individually, and as Chief Clerk of the Criminal Term of the Supreme Court, Kings County; and JOHN DOES 1-3, individually, and as Justices of the Supreme Court, Kings County, | : |
| Defendants. | : |

**FIRST AMENDED COMPLAINT**

___ Civ ___

------------------------------------------------------------X

Plaintiff JABBAR COLLINS, respectfully alleges the following:

## NATURE OF ACTION

1.     This is a civil action pursuant to the First, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure seeking declaratory and injunctive relief, as well as monetary damages, for defendants' flagrant violation of plaintiff's constitutional right of access to judicial records held by the Supreme Court, Kings County.

1

2.    This action also seeks declaratory and injunctive relief, as well as monetary damages, for defendants' constitutionally offense sealing of those records by covert administrative fiat or judicial decree which served to deprive plaintiff of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

3.    Following an investigation initiated after an unsuccessful attempt to obtain various records from the Supreme Court, Kings County, plaintiff discovered the Clerk's Office at the Criminal Term of that court maintains "dual docket sheets" and surreptitiously sealed records regarding the case of People v. Adrian Diaz, Supreme Court, Kings County Information Number 12753/93.

4.    The public docket sheet for Diaz's case lists documents and actions taken in the case that are available for public review. The sealed docket sheet, however, lists documents and actions taken in the case that are covertly sealed and unavailable for public inspection. The sealed docket sheet itself is likewise unavailable for public inspection.

5.    Despite plaintiff's request that defendants disclose the sealed records and abandon their unconstitutional practices, they have refused to do so. This lawsuit ensued.


## JURISDICTION, VENUE, & CONDITIONS PRECEDENT

6.    This action arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

7.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1343.

8.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

9.    Plaintiff has duly complied with all conditions precedent to the commencement of this action.

## PARTIES

10.    Plaintiff JABBAR COLLINS is a prisoner incarcerated in Green Haven Correctional Facility, P.O. Box 4000, Stormville, New York 12582-0010.

11.    Defendant JONATHAN P. LIPPMAN ("Lippman") is the Chief Administrative Judge for the New York City Office of Court Administration. Lippman is sued individually and in his official capacity as Chief Administrator of the New York City Office of Court Administration. At all times relevant to this complaint, Lippman exercised his powers under the color of the laws of the State of New York.

12.    Defendant JAMES IMPERATRICE ("Imperatrice") is the Clerk of the Criminal Term of the Supreme Court, Kings County. Imperatrice is sued individually and in his official capacity as Clerk of the Criminal Term of the Supreme Court, Kings County. At all times relevant to this complaint, Imperatrice exercised his powers under the color of the laws of the State of New York.

13.    Defendants JOHN DOES 1-3 ("Does 1-3") are fictitious. These names describe presently unknown Supreme Court Justices who, upon information and belief, surreptitiously ordered sealing of records and

3

court orders challenged in this complaint, or failed to file those records and orders for public inspection. Does 1-3 are sued individually and in their official capacity as Justices of the Supreme Court, Kings County. At all times relevant to this complaint, Does 1-3 exercised their powers under the color of the laws of the State of New York.

## FACTUAL BACKGROUND

### The Criminal Case Of People v. Adrian Diaz

14.   By Kings County Supreme Court Information Number 12753/93 Adrian Diaz ("Diaz") was charged with criminal possession of a controlled substance in the seventh degree ("Diaz's case").

15.   Plaintiff was not a co-defendant or party to Diaz's case.

16.   On November 1, 1993 Diaz appeared in the Supreme Court, Kings County ("court") before Justice Alan J. Meyer.

17.   During that appearance, Diaz pled guilty to criminal possession of a controlled substance in the seventh degree (P.L. §220.03), an A misdemeanor under New York law.

18.   On December 15, 1993 Diaz returned to court and once again appeared before Justice Meyer.

19.   Pursuant to Diaz's November 1, 1993 guilty plea, Justice Meyer sentenced Diaz to a three year term of probation and imposed a fine.

20.   Pursuant to New York Penal Law §65.15 (1), Diaz's three year term of probation commenced that same day: December 15, 1993.

21.   Absent Diaz's violation of probation and a court's declaration that he was delinquent (P.L. §65.15 [2]), Diaz's probationary

4

term expired three years later on December 14, 1996.

22.     Once under the New York City Department of Probation's (the "Probation Department") supervision, the Probation Department designated Diaz "Amber" indicating Diaz was a "high risk" individual and that his probation officer was to exercise increased supervision and monitoring of Diaz while he served his probationary term.

## Diaz Violates Several Conditions Of
## His Probation & Is Declared Delinquent

23.     Sometime subsequent to December 15, 1993 Diaz violated several conditions of probation by, among other things, failing to report to his probation officer as required, changing his address without notifying the Probation Department, leaving the jurisdiction of the Probation Department without its approval, failing to obtain gainful employment, and failing to pay his fine as required by the court.

24.     Upon information and belief, in accordance with the Probation Department's regulations and/or practices, following Diaz's violations of probation, the Probation Department prepared various reports, memorandums, and letters regarding Diaz's failure to adhere by the conditions of his probation, and violations thereof, and forwarded them, in whole or in part, to the court. Moreover, the court relied upon these documents in its post December 15, 1993 adjudication of issues regarding Diaz's violation of his conditions of probation.

25.  In accordance with the Probation Department's regulations and/or practices, sometime subsequent to December 15, 1993 the Probation

Department recommended to the court, in writing, that the court declare Diaz delinquent.

26.  In accordance with the Probation Department's regulations, it forwarded the court a summary of Diaz's breaches of his probation conditions.

27.  Sometime subsequent to December 15, 1993 the Probation Department requested that the court issue a notice to appear and/or arrest warrant based on Diaz's violation of probation.

28.  Sometime subsequent to December 15, 1993, based on the Probation Department's reports and communications to the court (¶¶24-27), the court declared Diaz delinquent in accordance with the Probation Department's request.

29.  Sometime subsequent to December 15, 1993, the court issued a notice directing Diaz to appear before it or, alternatively, a warrant for Diaz's arrest.

30.  Sometime subsequent to December 15, 1993, the Probation Department withdrew or recommended that the court moot its pending violation of probation proceedings against Diaz, or vacate its decision regarding the declaration of delinquency.

31.  The Probation Department requested, and/or ratified a request, that Diaz's probation violation be vacated, that his probationary term be terminated early, or that the conditions thereof relaxed.

32.  Upon information and belief, the court granted the Probation Department's request, mooted the pending violation of probation proceedings, or vacated its adverse ruling, and terminated, modified, or

6

continued Diaz's probationary term, and/or adjourned Diaz's case to a later date for entry of that judgment.

33. Numerous documents regarding these occurrences (¶¶23-32) were created and filed with the court by the Probation Department and the court itself.

34. The court, for example, issued or caused to be filed a "notice to appear" requiring Diaz to appear before the court.

35. The court subsequently issued, or caused to be filed, a warrant for Diaz's arrest in connection with its declaration of delinquency.

36. The court filed or caused to be filed a statement setting forth the conditions of probation Diaz violated and a description of the time, place, and manner in which the violation occurred.

37. The court issued an order or orally revoked, modified continued, or terminated Diaz's probationary term. Alternatively, the court vacated the judgment on Diaz's declaration of delinquency and/or relaxed the conditions of Diaz's probation and by so doing generated various records regarding that action.

38. All of the foregoing documents (¶¶24-37) and the proceedings upon them have historically been open for public inspection once submitted to the court and public access to those documents and proceedings plays a significantly positive role in the functioning of those proceedings.

## Defendants' Refusal To Permit Public
## Inspection Of Any Documentation Regarding
## Diaz's Violation Of Probation

39.    Despite Diaz's violation of probation and the Probation Department's consequent filings with the court, the court's docket sheet for Diaz's case maintained for public inspection (the "public docket sheet") contains only two entries regarding court appearances in Diaz's case, none of which reflect the occurrences regarding Diaz's violation of the conditions of his probation.

40.    The first entry on the public docket sheet indicates that on November 1, 1993 Diaz pled guilty.

41.    The second entry on the public docket sheet indicates that on December 15, 1993 Diaz was sentenced to his three year probationary term.

42.    There are no entries on the public docket sheet reflecting the court's consideration of reports and other communications (¶24) in Diaz's case.

43.    There are no entries on the public docket sheet indicating a declaration of delinquency occurred in Diaz's case.

44.    There are no entries on the public docket sheet indicating a notice to appear and/or arrest warrant were filed in Diaz's case.

45.    There are no entries on the public docket sheet indicating a request for early termination of Diaz's probationary term was submitted to the court.

46.   There are no entries on the public docket sheet indicating the court terminated Diaz's probationary term early.

47.   There are no entries on the public docket sheet indicating any further proceedings occurred in Diaz's case subsequent to December 15, 1993.

48.   Nor are there any entries on the public docket sheet indicating the court vacated any prior judgment regarding Diaz's declaration of delinquency or that a motion to seal the proceedings in Diaz's case was submitted and/or granted.

49.   Similarly, the case jacket for Diaz's case contains only two entries regarding court proceedings in his case, none of which reflected Diaz's violation of probation.

50.   The case jacket's first entry reflects Diaz's November 1, 1993 Diaz plea.

51.   The case jacket's second and final entry reflects Diaz's December 15, 1993 sentence to three years probation and that Diaz was given until February 2, 1994 to pay his fine.

52.   There are no documents available to the public in the court's case file for Diaz's case, and no entries on the case jacket, indicating a violation of probation, declaration of delinquency, notice to appear, warrant, request for early termination of probation, or other like action took place with respect to Diaz's probationary term.

53.   There are no documents in the court's case file or entries on the case jacket for Diaz's case indicating his case was adjourned to December 31, 1999 for final judgment.

54. There are no entries on the case jacket for Diaz's case, and no documents in court's case file for Diaz's case, indicating a sealing order was applied for and/or issued in his case with respect to any record in his case.

## Imperatrice's Unconstitutional Administrative Sealing

55. Upon information and belief, Imperatrice employed two or more administrative techniques for sealing records (¶¶24-37, ¶71) in Diaz's case.

56. Upon information and belief, Imperatrice maintains a "dual docket" sheet for Diaz's case: one a public docket sheet open for public inspection and the other a sealed docket sheet open for inspection solely by designated court personnel.

57. The sealed docket sheet completely conceals from public inspection all occurrences in Diaz's case subsequent to February 2, 1994 and all filings, ex parte and in camera included, regarding Diaz's violation of probation and related matters.

58. Upon information and belief, Imperatrice sealed the records reflected on the sealed docket sheet, and the sealed docket sheet itself, administratively.

59. Imperatrice's sealing prohibits court personnel from acknowledging the existence of, and/or releasing, any information regarding proceedings relating to Diaz's violation of the conditions of his probation, including the nature of the occurrence, the date on which it occurred, and the Judge before whom any court proceedings regarding those

10

violations occurred.

60.   Imperatrice's sealing was not undertaken pursuant to statutory or judicial authority. Instead, the sealing was undertaken pursuant to an unwritten policy and/or practice of Imperatrice or his predecessor which allowed such sealing at the request of favored attorneys or other influential individuals. Imperatrice's sealing was intentional and undertaken in reckless and callous indifference to plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

61.   Alternatively, in violation of state and federal law, Imperatrice failed to file the documentation related to Diaz's violation of probation (¶¶23-37, ¶71) in the court file for Diaz's case so as to prohibit public inspection. Imperatrice's failure to file this documentation was undertaken in total absence of judicial direction and contravened purely ministerial duties imposed upon Imperatrice by law.  Moreover, Imperatrice's failure to file the documentation was intentional and undertaken in reckless and callous indifference to plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

62.   Imperatrice's sealing and/or failure to file the records occurred by administrative fiat, did not permit public notice of the intended or actual sealing, and thus did not provide plaintiff with an opportunity to challenge it.

## Does 1-3's Adjournments And Surreptitious Sealing

63.   Alternatively, upon information and belief, the sealed records in Diaz's case (¶¶23-37, ¶71), including the sealed docket sheet (¶57)

were sealed by judicial order, which was itself placed under seal, thereby preventing any public notice, scrutiny, or challenge.

64.   Upon information and belief, subsequent to February 9, 1994 Does 1-3 adjourned Diaz's case to December 31, 1999 for final judgment.

65.   Upon information and belief, the order adjourning Diaz's case to December 31, 1999 and all documentation related to that adjournment were sealed by Does 1-3.

66.   Upon information and belief, the order sealing the adjournment order and related documentation was itself placed under seal by Does 1-3.

67.   Upon information and belief, Does 1-3's sealing prohibits court personnel from acknowledging the existence of, and/or disclosing to the public, specified information or documentation regarding Diaz's case, specifically those sealed matters.

68.   Upon information and belief, the surreptitious sealing orders were overbroad and did not identify facts justifying the sealing in Diaz's case.

69.   The sealing orders likewise deprived plaintiff of notice of the sealing and an opportunity to challenge it.

70.   Alternatively, Does 1-3 refused to place the documentation related to Diaz's violation of probation (¶¶23-37, ¶71) in the court file for Diaz's case for public inspection.

12

## Imperatrice Refuses To Disclose The Sealed Records

71.   By a letter dated July 13, 2004 plaintiff wrote to Imperatrice, by certified return receipt mail, and requested that Imperatrice provide him with copies of:

(a)   The sealed docket sheet reflecting all filings in Diaz's case subsequent to December 15, 1993, regardless of whether those filings were later withdrawn or otherwise mooted;

(b)   All reports, memorandums, or other communications submitted to the court by the New York City Department of Probation notifying the court regarding Diaz's violation of probation or requesting that the court take any form of action in the case;

(c)   The statement setting forth the conditions of probation Diaz violated, C.P.L. §410.70 (2);

(d)   The court's declaration of delinquency, C.P.L. §410.30;

(e)   All notices to appear and warrants issued in Diaz's case, C.P.L. §410.40 (1) and (2);

(f)   The final order adjudicating Diaz's declaration of delinquency, C.P.L. §410.70 (5);

(g)   The transcripts of all proceeding conducted in Diaz's case subsequent to December 15, 1993;

(h)   The notes or summaries of all in camera and/or ex parte conferences conducted in Diaz's case subsequent to December 15, 1993;

(i)   All requests to withdraw, moot, terminate, or otherwise annul Diaz's declaration of delinquency or to terminate Diaz's probation, C.P.L. §410.90;

(j)   All requests or motions to seal the proceedings relating to occurrences in Diaz's case subsequent to December 15, 1993;

13

(k)   All documents relied upon by the court to reach its decision with respect to any occurrences in Diaz's case subsequent to December 15, 1993, especially with respect to Diaz's probation term; and

(l)   Every other sealed document possessed by the court regarding Diaz's case.

72.   Citing the First and Fourteenth Amendments to the United States Constitution, plaintiff's letter informed Imperatrice that he was entitled to these records under the foregoing authorities.

73.   Plaintiff's letter was delivered to Imperatrice, in care of the court, on July 16, 2004.

74.   As of the date of this complaint, Imperatrice has failed to respond to plaintiff's July 13, 2004 letter or to provide plaintiff with copies of the requested documents. Imperatrice's maintenance of dual docket sheets and his refusal to disclose the sealed records in Diaz's case are ongoing and, upon information and belief, will continue absent judicial intervention.

**Lippman Fails To Remedy**
**Imperatrice's Constitutionally Offensive Actions**

75.   By a letter dated July 19, 2004 plaintiff wrote to Lippman complaining of Imperatrice's maintenance of dual docket sheets for Diaz's case, his administrative sealing, and/or his failure to file the records regarding Diaz's violation of probation for public inspection.

76.   In his letter to Lippman, plaintiff detailed Imperatrice's sealing and challenged actions (¶¶55-62, ¶¶71-74).

14

77. Plaintiff also annexed a copy of his July 13, 2004 letter to Imperatrice (¶71), incorporated its requests, and asked Lippman to direct Imperatrice to disclose the sealed records to plaintiff.

78. Plaintiff's letter was delivered to Lippman, in care of the New York City Office of Court Administration, on July 21, 2004.

79. As of the date of this complaint, Lippman has not responded to plaintiff's letter nor, upon information and belief, directed Imperatrice to abandon his challenged practices or to disclose the sealed records. Lippman's refusal is ongoing and, upon information and belief, Lippman will not remedy Imperatrice's maintenance of the dual docket sheets and his refusal to disclose the sealed records absent judicial intervention.

80. Plaintiff has no adequate or speedy remedy at law and has been, and will continue to be, irreparably injured unless defendants are enjoined from their unconstitutional actions.

## AS FOR PLAINTIFF'S FIRST CAUSE OF ACTION
[1st and 14th Amendments; Docket Sheets; Imperatrice & Lippman]

81. Plaintiff repeats the allegations contained in ¶¶1-62 and ¶¶71-80 of this Complaint and incorporates them as though fully set forth herein.

82. As a direct and proximate result of Imperatrice's intentional and/or negligent refusal to disclose or file for public inspection, the sealed docket sheets for Diaz's case reflecting all filings in that case subsequent to December 15, 1993, plaintiff was deprived of his right of access to

15

docket sheets under the First and Fourteenth Amendments to the United States Constitution. Lippman is also liable for the injuries resulting from Imperatrice's actions based on Lippman's failure to remedy Imperatrice's wrongs after being informed of them by plaintiff's July 19, 2004 letter of complaint, and his awareness of the ongoing improper sealing procedures utilized by courts under his authority.

## AS FOR PLAINTIFF'S SECOND CAUSE OF ACTION
[1st and 14th Amendments; Various Records; Imperatrice & Lippman]

83.    Plaintiff repeats the allegations contained in ¶¶1-62 and ¶¶71-82 of this Complaint and incorporates them as though fully set forth herein.

84.    As a direct and proximate result of Imperatrice's intentional and/or negligent sealing of, and/or refusal to disclose or file for public inspection:

(a)    The sealed docket sheet reflecting all filings in Diaz's case subsequent to December 15, 1993, regardless of whether those filings were later withdrawn or otherwise mooted;

(b)    All reports, memorandums, or other communications submitted to the court by the New York City Department of Probation notifying the court regarding Diaz's violation of probation or requesting that the court take any form of action in the case;

(c)    The statement setting forth the conditions of probation Diaz violated, C.P.L. §410.70 (2);

(d)    The court's declaration of delinquency, C.P.L. §410.30;

(e)    All notices to appear and warrants issued in Diaz's case, C.P.L. §410.40 (1) and (2);

16

(f)   The final order adjudicating Diaz's declaration of delinquency, C.P.L. §410.70 (5);

(g)   The transcripts of all proceeding conducted in Diaz's case subsequent to December 15, 1993;

(h)   The notes or summaries of all in camera and/or ex parte conferences conducted in Diaz's case subsequent to December 15, 1993;

(i)   All requests to withdraw, moot, terminate, or otherwise annul Diaz's declaration of delinquency or to terminate Diaz's probation, C.P.L. §410.90;

(j)   All requests or motions to seal the proceedings relating to occurrences in Diaz's case subsequent to December 15, 1993;

(k)   All documents relied upon by the court to reach its decision with respect to any occurrences in Diaz's case subsequent to December 15, 1993, especially with respect to Diaz's probation term; and

(l)   Every other sealed document possessed by the court regarding Diaz's case,

plaintiff was deprived of his right of access to judicial records under the First and Fourteenth Amendments to the United States Constitution. Lippman is jointly liable for the injuries resulting from Imperatrice's actions based on Lippman's failure to remedy Imperatrice's wrongs after being informed of them by plaintiff's July 19, 2004 letter of complaint and his awareness of the ongoing improper sealing procedures utilized by courts under his authority.

17

## AS FOR PLAINTIFF'S THIRD CAUSE OF ACTION
[5th and 14th Amendments; Due process; Imperatrice & Lippman]

85.   Plaintiff repeats the allegations contained in ¶¶1-62 and ¶¶71-84 of this Complaint and incorporates them as though fully set forth herein.

86.   As a direct and proximate result of Imperatrice's intentional and unauthorized administrative sealing of judicial records in Diaz's case, and/or his failure to file those records for public inspection, plaintiff was deprived of his right to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution as such actions deprived plaintiff of the requisite findings necessary to justify sealing, notice of the sealing, and an opportunity to challenge that action. Lippman is jointly liable for the injuries resulting from Imperatrice's actions based on Lippman's failure to remedy Imperatrice's wrongs after being informed of them by plaintiff's July 19, 2004 letter of complaint and his awareness of the ongoing improper sealing procedures utilized by courts under his authority.

## AS FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
[1st and 14th Amendments; Docket Sheets; Does 1-3]

87.   Plaintiff repeats the allegations contained in ¶¶1-54 and ¶¶63-74 of this Complaint and incorporates them as though fully set forth herein.

88.   Does 1-3's failure to file the sealed docket sheets for public inspection, and/or their orders sealing the sealed docket sheets in Diaz's

case were overbroad and failed to specify the necessary factual findings to justify sealing and proximately resulted in plaintiff being deprived of his right to inspect and copy docket sheets under the First and Fourteenth Amendments to the United States Constitution.

## AS FOR PLAINTIFF'S FIFTH CAUSE OF ACTION
[1st and 14th Amendments; Various Records; Does 1-3]

89.   Plaintiff repeats the allegations contained in ¶¶1-54, ¶¶63-74, and ¶¶87-88 of this Complaint and incorporates them as though fully set forth herein.

90.   Does 1-3's failure to file the documents identified in ¶98 for public inspection, and/or their orders sealing those records were overbroad and failed to specify the necessary factual findings to justify sealing and proximately resulted in plaintiff being deprived of his right to inspect and copy judicial records and documents under the First and Fourteenth Amendments to the United States Constitution.

## AS FOR PLAINTIFF'S SIXTH CAUSE OF ACTION
[5th and 14th Amendments; Due process; Does 1-3]

91.   Plaintiff repeats the allegations contained in ¶¶1-54, ¶¶63-74 and ¶¶87-90 of this Complaint and incorporates them as though fully set forth herein.

92.   Does 1-3's intentional failure to file the records identified in ¶71 of this Complaint for public inspection, their sealing of judicial records in Diaz's case, and their sealing of the orders sealing the records in

Diaz's case, violates plaintiff's right to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution by depriving plaintiff of the requisite findings necessary to support the sealing, notice of the sealing, and an opportunity to challenge that action.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues in this action.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. As to all defendants, a declaratory judgment declaring that the sealed docket sheet and those records reflected on it, as well as all other sealed records in Diaz's case, are open for public inspection; and

B. As to defendants Lippman and Imperatrice, a permanent injunction requiring them to:

    i. provide plaintiff with a copy of the sealed docket sheet and all other documents requested by plaintiff in his July 13, 2004 letter to Imperatrice (¶71); and

    ii. permanently desist from utilizing the dual docket sheets and administratively sealing records in Diaz's case;

C. As to defendants Lippman and Imperatrice compensatory damages in the amount of ten thousand dollars ($10,000.00), or nominal damages;

D. As to defendants Lippman and Imperatrice, punitive damages in the amount of thirty thousand dollars ($30,000.00); and

E. Such further relief as this Court deems proper.

Dated: Stormville, New York
      August 12, 2004

JABBAR COLLINS
95A2646
Plaintiff
P.O. Box 4000
Stormville, New York
12582-0010

**ARTS Face Sheet**

| Sheet 1 | Sheet 2 | Sheet 3 | Sheet 4 | Go To Folder |
|---------|---------|---------|---------|--------------|

1 of 4

**Case Information**

CASE NO: KS9309358   STATUS/DATE CLOSED   12/14/1996
CASE NAME: DIAZ   ADRIAN   NO: 1   OF 1   DNA ☐
CONVICTION DATE: 11/01/1993   SENT DATE 12/15/1993   MED: 12/14/1998   YO ☐
INTERIM SUPV START DATE: 00/00/0000   INTERIM SUPV END DATE: 00/00/0000

**Aliases (Last, First)**     **Supervision**

DIAZ     ADRIAN     PO Name KARCH   KARCH   CaseId KARCH
                                            Unit KM1

**Docket/Ind Charges**

| Dkt/Ind# | Crt Ctrl# | Title | Section | Sbsctn | Description | CI | Ca |
|----------|-----------|-------|---------|--------|-------------|-----|-----|
| 12753-93K | 14897860K | PL | 22003 | | CPCS-7 | A | M |

◄ |                                                            | ► |

| Type | Special Condition | Assign Date | Status | Status Date | N |
|------|-------------------|-------------|--------|-------------|---|
| TREATMENT | DRUGS SUBSTANCE ABUS | 12/15/1993 | | 12/15/1993 | |

Nysid: 75231550   Sex: MALE   Race: OTHER   Ethnicity:   Dob: 07/04/1974
Substance Abuse: N   Alcohol Abuse: N   Psychiatric History: N   Age 28
Juvenile Arrests: N   Total Adult Arrests: ☐   Total Adult Convictions: ☐
Hits Since Sentence: 0   Last Hit: None   Current Probation (Non NYC)/Parole: ☐

| Comments: | Instant | DNA INFO |
|-----------|---------|----------|
| | Offense | Prev Done: ☐ |
| | | Date Sched: 00/00/0000 |
| | | Date Done: 00/00/0000 |

**ARTS Face Sheet**

| Sheet 1 | Sheet 2 | Sheet 3 | Sheet 4 | | Go To Folder |

**Registered Sex Offender:**    **Level:**    **Registration Date:**      2 of 4

**Abuse History**

**Abuse Type**

**Address**

C/O:

Address:

City:     Apt No.:

   State:    Zip Code:   -

Phone:

**Contacts**

| Relationship | Last Name | First Name | Phone No |
|---|---|---|---|

**Drug History**      **Support**

| Information Date | Drug |
|---|---|
| 01/06/1994 | MARIJUANA |

**Means of Support:**

**ARTS Face Sheet**

| Sheet 1 | Sheet 2 | Sheet 3 | Sheet 4 | Go To Folder | | |
|---|---|---|---|---|---|---|

3 of 4

**Employment Information**

| Name: | |
|---|---|
| Address: | |
| | Apt. |
| City: | State: | Zip: |
| Contact | |
| Phone | NO.1 OF 1 |

**School Information**

| Name: | |
|---|---|
| Address: | |
| | Apt. |
| City: | State: | Zip: |
| Contact | |
| Phone | NO.1 OF 1 |

**Program Information**

| Name: | |
|---|---|
| Address: | |
| | Apt. |
| City: | State: | Zip: |
| Contact | |
| Phone | NO.1 OF 1 |

**ARTS Face Sheet**

| Sheet 1 | Sheet 2 | Sheet 3 | Sheet 4 | Go To Folder |

**Parole / Non-NYC Probation**                                    4 of 4

| Name: | |
|---|---|
| Address: | |
| | | Apt: |
| City: | State: | Zip: |
| Contact: | |
| Phone | | NO.1 Of 1 |

**Current Assignment**

| Boro: | KINGS | Branch: | KAIM |
|---|---|---|---|
| Track: | ARTS ARCHIVE | Case#: | |
| PO: | KARCH | KARCH | (718) 802-4006 |
| SPO: | | | |
| BC: | BINDER | LETA | (212) 232-0494 |



Defendant___Adrian DIAZ___   Indictment No.__12753-93__

**SENTENCE**

Date__12-15-93__   Judge_Alan, Meyer__   Part_N2_

Counsel present___Soft, L__   Clerk__Smaelia__   Court Reporter_Coppola_

Sentence_3yrs PNOB   MSC-W   CUAF#S 2-9-94   LS_

___RTA-W   ROR CONT___

Crime victim fee $ _____
Mandatory Surcharge $ _____
☑ Surcharge Waiver, see record
☑ _____ time 8/30/93 - 5/30/94
☒ _____ order suspended 6 months
_____ , see record

---

**CALENDAR**

| DATE | PART | DISPOSITION | JUDGE |
|------|------|-------------|-------|
| NOV 1 1993 | N-1 | DWA (B) | HON. ALAN J. MEYER |
| 12-15-93 | N2 | DWA   See Sent | Meyer |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

INDICTMENT NO.

DEFENDANTS

| Manuel Mota |
| Arion Diaz |

INDICTED FOR

| 3565 3D |
| 20032? |
| CPC27? |
| 22003 |

DATE ARRAIGNED: NOV.

4233439

51

RREST RECORD

BOND FILED

NACC. EXAM DATA

MENTAL EXAM DATA

QUILT PLEA TO COVER INDICTMENT NO.

INDICTMENT CONSOLIDATED INTO IND. NO.

RESERVE DATE

ORIGINAL COUNSEL AND ADDRESS

FIRST READY DATE

DATE

22. COUNSEL SUBSTITUTION AND ADDRESS

| DATE | PT. ENTRIES (INCLUDING ADJOURNMENT DATES & REASONS) | JUDGE |
| --- | --- | --- |
| | [1] DWA 610025 C53D  5P  P72N  12-14  86  P | Ada... ...des |
| | [1] DWA  (1) CPC27 5D  P72N  12-14  86  P | Ada... ...des |
| 11-C-93 | DWA  1-11-94  Ready 17 Aqs  RoRO15 | Meyer |
| 2-1-93 | DWA  P2  P4  P4  BPDB |  |
| 2-15-93 | DWA  SZ  3yrs  Bd B  MSC-W |  |
| | OWA-FS  2-9-94  L S |  |
| | RTA-W  P/R Cont | P Marym |

CRIMS APPEARANCE HISTORY
APPEARANCE DATES

COUNTY: KINGS

OPTION SELECTED: ALL APPEARANCES          VIEW MOTIONS?(Y/N): N
NAME: DIAZ,ADRIAN                              CASE #: SCI-12753-93
                                          DOCKET #: 93K052543

02/09/1994 (FINE)   OFFICE     JDG:TEST,        RPTR:UNK,   NT  EXS
       SURCH: NP

12/15/1993 (SEN)   APN-2       JDG:MEYER,A     RPTR:COPPOLA,C  SEN  SI
       PC   SURCH:$5 ADJ

11/01/1993 (COM)   APN-1       JDG:MEYER,A     RPTR:APPEL,   ARR:SCI  PG
       ROR


COMMAND:       MESSAGE:

E

AFFIDAVIT

DONNA M. DAIUTE, being duly sworn, hereby states the following is true:

1.   I am a private investigator licensed under the laws of the State of New York and maintain business offices at 102 Charlton Street, Suite 11, New York, New York 10014.

2.   On or October 28, 2003 I was retained in connection with an investigation initiated by Jabbar Collins, 95A2646, a prisoner at Green Haven Correctional Facility.

3.   The focus of that investigation was one Adrian Diaz ("Diaz"), the defendant in People v. Adrian Diaz, Information Number 12753/93.  My investigation entailed determining the disposition regarding Diaz's three (3) year probationary term imposed pursuant a judgment of conviction in the above referenced case.

4.   On November 17, 2003 the Kings County branch of the New York City Department of Probation ("NYCDOP") at 210 Joralemon Street, Brooklyn, New York 11201 provided me with the following information from its computer system: Diaz was sentenced to a three year probationary term and his probation officer was Mr. John Dawson ("P.O. Dawson").  During his probationary term, the NYCDOP assigned Diaz a color coded designation of "Amber"  which indicates "High Risk".  Such flagging would have been an alert level for increased supervision.  Diaz's case left P.O. Dawson's supervision in

1

1996.

5.   On November 19, 2003 I spoke to Ms. Rosa Wilson, ("Wilson"), a supervisor at the Kings County branch of the NYCDOP, 210 Joralemon Street, 11th Floor, Brooklyn, New York 11201 in regard to my investigation.

6.   As to my efforts to interview P.O. Dawson, Wilson advised me that P.O. Dawson was deceased and that he had passed away three to four years prior to my investigation.  Wilson added that P.O. Dawson's last assignment was 345 Adams Street, 6th Floor, Brooklyn, New York.

7.   With respect to Diaz, Wilson informed me that he pled guilty to criminal possession of a controlled substance in the 7th degree on December 15, 1993.  Wilson also noted a "status date" entry of December 14, 1996 in Diaz's computerized records.

8.   Wilson informed me that Diaz's case subsequently "maxed out" on December 14, 1998 concluding the NYCDOP's supervision.

9.   Wilson stated that it appeared Diaz's probationary term was for some reason extended.  Wilson explained that a conviction for criminal possession of a controlled substance in the 7th degree is a misdemeanor that carries a maximum probation sentence of three years.  In Diaz's case, however, he apparently remained under the NYCDOP's supervision for five (5) years.

2

10.   Wilson then stated, in substance, that such an extension was likely consequent to a violation of Diaz's probation.  She explained that she could not confirm or provide further information with respect to Diaz, however, because 1993 case records such as Diaz's were not maintained on the premises.

11.   Wilson said case records from 1996 to current (as of the date of our conversation) were stored on site and the balance of the records were archived throughout the boroughs.

DONNA M. DAIUTE

Sworn to me this
____ day of _____ 2004

NOTARY PUBLIC

DANIELLE M. PARCO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4985515
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES AUGUST 19, 20__

3

F

**DECISION**

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE PEOPLE OF THE STATE OF NEW YORK                    By Lawrence Knipel, J.S.C.

Petitioner,

-against-                                              Dated: October 28, 2002

**ADRAIN DIAZ**                                        Index No.: 12753/93

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Motion by the defendant *pro se* to obtain a cop of his presentence report.

On the papers submitted in support of the motion and the papers submitted in response

thereto, it is

ORDERED that the motion is granted.

The foregoing constitutes the decision and order of the Court.

ENTER:

_____
LAWRENCE KNIPEL
J.S.C.

STATE OF NEW YORK  } SS
COUNTY OF KINGS    }

I, WILBUR A. LEVIN, Clerk of the County of
Kings and Clerk of the Supreme Court in and for
said County (said Court being a Court of Record)
DO HEREBY CERTIFY that I have compared the
annexed with the original ___DECISION___
filed in my office __10/30/02__
and that the same is a true transcript thereof
and of the whole of such original
   In Testimony Whereof, I have hereunder set my
hand and attached the seal of said County and
Court this __7__ day of __OCTOBER__ 20__03__
            WILBUR A. LEVIN, County Clerk

ENTERED
OCT 30 2002
WILBUR A. LEVIN
COUNTY CLERK

G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JABBAR COLLINS,                           :
                                          :
                    Plaintiff,            :
                                          :
                                          :   CV-04-03215 (FB)(LB)
                                          :
          -against-                       :
                                          :   **AFFIDAVIT**
                                          :
JAMES F. IMPERATRICE, individually        :
and as Chief Clerk of the Criminal        :
TERM OF THE SUPREME COURT, KINGS          :
COUNTY, JOHN DOES 1-3, individually:
and as Justices of the Supreme            :
Court, Kings County and                   :
JONATHAN LIPPMAN, individually and        :
as Chief Administrative Judge for         :
the New York City Office of               :
Court Administration,                     :
                                          :
                    Defendants.           :
                                          :
------------------------------------X

          STATE OF NEW YORK       )
                                  )ss:
          COUNTY OF NEW YORK      )

               JAMES F. IMPERATRICE, being duly sworn, deposes and
says:

               1.   I am the Chief Clerk, Criminal Term of the Supreme
Court, Kings County.

               2.   I submit this affidavit: (1) in support of
defendants' motion to dismiss the complaint; and (2) to refute
plaintiff's claims that the clerks office maintains "dual docket
sheets" or "surreptitiously sealed records regarding the case of
People v. Adrian Diaz, ("Diaz"), Supreme Court, Kings County
Information Number 125753/93." See Complaint ¶ 3.

               3.   The statements in this affidavit are based upon my

personal knowledge of the facts of this case, my years of experience as an employee of the Supreme Court of the State of New York, and the documents kept in the ordinary course of business by the Supreme Court, Kings County ("Supreme Court").

4.    The Supreme Court has been in receipt of many letters from plaintiff, Mr. Jabbar Collins, as well as Mr. Allen Porter, both inmates at Green Haven Correctional Facility, requesting documents filed in the _Diaz_ case.  _See_ Exhibit A, Letters to the Court, annexed hereto.

**Background**

5.    _Diaz_, involved a criminal prosecution by the District Attorney, Kings County against Adrian Diaz, and his co-defendant Manual Nota.  _See_ Exhibit B, annexed hereto.

6.    Diaz was indicted for criminal possession of a controlled substance in the seventh degree. _See_ Exhibit C, annexed hereto.

7.    Nota was charged with criminal sale of a controlled substance in the third degree.  _See_ Exhibit D, annexed hereto.

8.    On or about November 1, 1993, defendant Diaz plead guilty to the crime as charged.  _See_ Exhibit C, annexed hereto.

9.    On or about December 15, 2003, Diaz was sentenced to three years probation.  _See_ Exhibit E, annexed hereto.

10.   Nota received youthful offender status and was

2

released on his own recognizance.  See Exhibit D, annexed hereto.

11.  By letter dated May 21, 2004, Mr. Porter informed the Supreme Court that he learned from a clerk in the New York State Department of Probation that Mr. Diaz had violated the terms of his probation, and as a result his probation was extended from three to five years.  Mr. Porter requested to see copies of the court's declaration of delinquency reflecting the change in the term of probation for Mr Diaz.  See Exhibit A, annexed hereto.

12.  In response to the letter from Mr. Porter, Court Clerk Specialist Clifford Donadio contacted the New York City Department of Probation ("Probation"), on my behalf, and spoke with a supervisor,  Ms. Rosa Wilson.  Court Clerk Specialist Donadio informed me that Mr. Diaz did not violate the conditions of his probation, and that the information Mr. Porter received was due to a clerical error.

13.  By letter dated May 21, 2004, I wrote to Mr. Porter to apprise him of the information I received from Probation and to clarify the matter.  See Exhibit A, May 21, 2004 letter, annexed hereto.

14.  In July, 2004, the Honorable Jonathan Lippman, Chief Administrative Judge of the Kings County Supreme Court, forwarded to my office, for response, a July 19, 2004 letter from Jabbar Collins, requesting assistance obtaining the court file

3

maintained in the Diaz case.  See  Exhibit A, July 19, 2004 letter,  annexed hereto.

15.  By the July 19, 2004 letter, Mr. Collins alleged that my office maintained "dual docket sheets" in the Diaz case; administratively sealed records; and failed to file records in the Diaz case file.  See Exhibit A, July 19, 2004 letter.

16.  By letter dated September 14, 2004, I explained to Mr. Collins about my prior correspondence with Mr. Porter, in addition I provided him with all of the documents filed in the Diaz case.  See Exhibit A,  annexed hereto.

17.  By the same correspondence, I provided Mr. Collins with a copy of the Certificate of Disposition ("Certificate"), issued in the Diaz case, which states, in pertinent part that, on or about November 1, 1993, Mr. Diaz plead guilty to Criminal Possession of a Controlled Substance in the 7th Degree a Class A Misdemeanor.  On or about December 15, 1993, Mr. Diaz was sentenced to three years probation.  See Certificate of Disposition, Exhibit A, September 14, 2004 letter, annexed thereto.

18.  As previously detailed to Mr. Porter, my lettter explained to Mr. Collins that Diaz did not violate his probation, therefore, a declaration of delinquency was never issued in the Diaz case.  See Exhibit A, annexed hereto.

19.  I further informed Mr. Collins, since no further

4

action was taken in the <u>Diaz</u> matter,  there were no additional court records generated subsequent to his December 15, 1993 sentence date.   <u>See</u> Exhibit A, annexed hereto; and Exhibit F, Court file jacket, annexed hereto.

20.   The Supreme Court has willingly provided all of the documents maintained by the Court in <u>Diaz</u>, <u>i.e.</u>, the docket sheet, and the case file jacket, which plaintiff acknowledges receipt and possession thereof in his complaint.   <u>See</u> Complaint ¶¶ 39 -54.

JAMES F. IMPERATRICE

Sworn to before me this
30th day of November, 2004

NOTARY PUBLIC

MARC SLUTSKY
Notary Public, State of New York
No. 5002138
Qualified in Kings County
Commission Expires Sept. 21, 2006

5