UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JABBAR COLLINS,                                    04 Civ. 3215 (FB)(LB)

            Plaintiff,

       - against -                        **ANSWER**

JONATHAN LIPPMAN, individually, and
as Chief Administrative Judge, for
the new York City Office of Court
Administration; JAMES F.
IMPERATRICE, individually, and as
Chief Clerk of the Criminal
Term of the Supreme Court, Kings
County; and JOHN DOES 1-3,
individually, and as Justices of
the Supreme Court, Kings County,

            Defendants.

----------------------------------X

            Defendants, the Honorable Jonathan Lippman, Chief

Administrative Judge ("Administrative Judge Lippman"), for the

New York City Office of Court Administration ("OCA"), and James

F. Imperatrice, Chief Clerk Criminal Term, Supreme Court, Kings

County, ("Chief Clerk"), by their attorney, ELIOT SPITZER,

Attorney General of the State of New York, as and for their

answer to the pro se Complaint:

            1.   To the extent that paragraph 1 of the Complaint

represents a summary of the allegations of the Complaint, refer

to this Answer for the responses thereto; deny that Plaintiff was

subjected to a "violation of [his] constitutional right of access

to judicial records" by Defendants; and refer to the statutes

cited for their content.

2.   Deny the allegations contained in paragraph 2 of
the Complaint except admit that Plaintiff is seeking declaratory
and injunctive relief, as well as monetary damages. Complaint
(designated "3"), admits that the Court has jurisdiction over
this action; admits the allegations in the first sentence; denies
the allegations in the second sentence; and refers to the
statutes cited for their content.

3.   Deny the allegation in paragraph 3, that "the
Clerk's Office of the Criminal Term of [Supreme Court, Kings
County] maintains 'dual docket sheets' and surreptitiously sealed
records regarding the case of People v. Adrian Diaz, ("Diaz"),
Supreme Court, Kings County Information Number 125753/93.
Defendants further deny knowledge or information sufficient to
form a belief as to the allegations contained in paragraph 3,
that Plaintiff conducted an investigation, or the results of the
alleged investigation.

4.   Deny each and every allegation contained in
paragraph 4 of the Complaint, specifically the allegation that
there is a "public docket sheet" and a "sealed docket sheet" in
the Diaz case.

5.   Deny each and every allegation contained in
paragraph 5 except admits that Plaintiff sent a request for the
records maintained in the Diaz matter, and in response to his
request Defendants provided Plaintiff copies of all documents

2

maintained by the Court in Diaz.

## JURISDICTION, VENUE & CONDITIONS PRECEDENT

6.    With respect to the allegations in paragraph 6, 7, 8 and 9 of the Complaint, these paragraphs do not require a response, to the extent a response is required Defendants refer to the statutes cited for their content.

7.    Defendants admit the allegations contained in paragraphs 10, 11 and 12 of the Complaint.

8.    Defendants deny the allegations contained in paragraph 13 of the Complaint that any Supreme Court Justice, or Supreme Court Official "surreptitiously ordered sealing of records and court orders challenged in ths compliant, or failed to file those records and orders for public inspection.

## FACTUAL BACKGROUND

### The Criminal Case of People v. Adrian Diaz

9.    Defendants admit, upon information and belief, the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, and 20 of the Complaint.

10.    With regard to paragraph 21 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the allegations in the paragraph, except admit that on December 15, 1993, Adrian Diaz was sentenced in the Diaz matter to a three-year term of probation and Diaz never violated his probation, as a result a declaration of delinquency was never

3

filed in the <u>Diaz</u> matter.

## DIAZ VIOLATES SEVERAL CONDITIONS OF HIS PROBATION & IS DECLARED DELINQUENT

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

12. With regard to the allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Complaint, Defendants deny the allegations contained in these paragraphs except admit that, according to the case file for <u>People v. Diaz</u>, on December 15, 1993, Adrian Diaz was sentenced in the <u>Diaz</u> matter to a three-year term of probation Defendants further admit that Diaz never violated the condition of his probation, as a result a declaration of delinquency had ever been filed in the <u>Diaz</u> matter.

13. Deny the allegations in paragraph 38 of the Complaint, except admit that no further action was taken on the <u>Diaz</u> matter subsequent to the December 15, 1993, sentence date, and as a result no further court records were generated beyond that date. Defendants admit that court proceedings and documents are open for public inspection subject to any court orders.

## Defendant's Refusal To Permit Public Inspection of Any Documentation Regarding Diaz's Violation of Probation

14. Defendants deny the allegation in paragraph 39 of the Complaint, that the Supreme Court, Kings County has a policy

4

or practice of maintaining or creating a "public docket sheet"
Defendants further deny, that Diaz violated his probation and
that the New York City Department of Probation ever filed a
declaration of delinquency in the Diaz matter. Defendants admit
that the Diaz docket sheet reflects the two court appearance
dates.

15. With regard to the allegations in paragraph 40 of
the Complaint, Defendants deny that the Supreme Court, Kings
County has a policy or practice of maintaining or creating a
there is a "public docket sheet", except admit that the Diaz
docket sheet reflects that on November 1, 1993, Diaz plead guilty
to Criminal Possession of a Controlled Substance in the 7th
Degree.

16. With regard to the allegations in paragraph 41 of
the Complaint Defendants deny that the Supreme Court, Kings
County has a policy or practice of maintaining or creating a s a
"public docket sheet", except admit that the Diaz docket sheet
reflects that on December 15, 1993, Diaz was sentenced to a
three-year term of probation.

17. With regard to the allegations in paragraphs 42,
43, 44, 45, 46, 47, 48, 49, 50, 51, and 52 Defendants deny that
the Supreme Court, Kings County has a policy or practice of
maintaining or creating a "public docket sheet", Defendants
further deny that there has been a sealing order requested or

5

granted in the Diaz matter, except Defendants admit that   on
December 15, 1993, Adrian Diaz was sentenced in the Diaz matter
to a three-year term of probation Defendants further admit that
Diaz never violated the condition of his probation, as a result a
declaration of delinquency had ever been filed in the Diaz
matter.

        18.   With regard to the allegations contained in
paragraph 53 of the Complaint Defendants admit that no further
action was taken on the Diaz matter subsequent to the December
15, 2003 sentence date and as a result no court records were
generated beyond that date.

        19.   With regard to the allegations in paragraph 54 of
the Complaint Defendants admit that a sealing order has never
been requested or issued in the Diaz matter, as reflected on the
docket sheet.

## Imperatrice's Unconstitutional Administrative Sealing

        20.   With regard to the allegations in paragraphs 55,
56, 57, 58, 59, 60, 61 and 62 Defendants deny the allegations
therein except admit that Defendants do not have a policy or
practice of maintaining dual dockets in the Supreme Court, Kings
County and deny that Defendants have in any manner violated
Plaintiff's constitutional rights.   Defendants further admit
that the records for the Diaz matter have not been sealed by
either court order or "administrative fiat".

## Does 1-3 Adjournments And Surreptitious Sealing

21. With regard to the allegations in paragraphs 63, 64, 65, 66, 67, 68, 69 and 70 Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in these paragraphs except admit that a sealing order was never issued in the Diaz matter by "court order" or "administrative fiat" Defendants further admit that no further action was taken on the Diaz matter subsequent to the December 15, 2003 sentence date and as a result no court records were generated beyond that date.

## Imperatrice Refuses To Disclose The Sealed Records

22. With regard to the allegations contained in paragraphs 71 and 72 of the Complaint, Defendants admit that Plaintiff sent a letter dated July 19, 2004 to Administrative Judge Lippman, and annexed thereto was a letter dated July 13, 2004 addressed to Chief Clerk Imperatrice and refer to the letter for its content.

23. With regard to the allegations in paragraph 73 of the Complaint Defendants admit that Plaintiff sent a letter dated July 19, 2004 to Administrative Judge Lippman, and annexed thereto was a letter dated July 13, 2004 addressed to Chief Clerk Imperatrice and refer to the letter for its content.

24. Defendants deny all allegations in paragraph 74 of the Complaint except admits that by letter dated September 14,

7

2004 defendant Imperatrice again provided Plaintiff with copies

of all documents maintained by the Supreme Court, Kings County in

the Diaz matter.

## Lippman Fails to Remedy
## Imperatrice's Constitutionally Offensive Actions

25. With regard to the allegations in paragraphs 75

and 76 of the Complaint Defendants admit that Plaintiff sent a

letter to Administrative Judge Lippman dated July 19, 2004, and

refer to the letter for its content.

26. With regard to the allegations in paragraph 77 of

the Complaint, Defendants deny the allegation that any of the

records were sealed by the Supreme Court, Kings County in the

Diaz matter except admit that Plaintiff annexed a July 13, 2004

letter addressed to Chief Clerk Imperatrice annexed to the letter

dated July 19, 2004 addressed to Administrative Judge Lippman.

27. With regard to the allegations in paragraph 78 of

the Compliant Defendants admit that Administrative Judge Lippman

received Plaintiff's July 19, 2004 letter.

28. Defendants deny the allegations in paragraph 79 of

the Complaint except admit that Administrative Judge Lippman

forwarded Plaintiff's letter to Chief Clerk Imperatrice for a

response, and further admit that by letter dated September 14,

2004 Chief Clerk Imperatrice responded to Plaintiff's July 19,

2000 letter.

29. Defendants deny the allegations contained in

paragraph 80 of the Complaint.

8

## PLAINTIFF'S FIRST CAUSE OF ACTION
## 1st and 14th Amendments; Docket Sheets; Imperatrice & Lippman

30. Defendants incorporate by reference their responses to paragraphs "1" through "80 of the Complaint as if fully set forth herein.

31. Defendants deny the allegations contained in paragraph 82 of the Complaint.

## PLAINTIFF'S SECOND CAUSE OF ACTION
## 1st and 14TH Amendments; Various Records; Imperatrice & Lippman

32. Defendants incorporate by reference their responses to paragraphs "1" through "82" of the Complaint as if fully set forth herein.

33. Defendants deny the allegations contained in paragraph 84 of the Complaint.

## PLAINTIFF'S THIRD CAUSE OF ACTION
## 5TH and 14TH Amendments; Due Process; Imperatrice & Lippman

34. Defendants incorporate by reference their responses to paragraphs "1" through "84" of the Complaint as if fully set forth herein.

35. Defendants deny the allegations contained in paragraph 86 of the Complaint.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### 1st and 14th Amendments; Docket Sheets; Does 1-3

36.   Defendants incorporate by reference their responses to paragraphs "1" through "86" of the Complaint as if fully set forth herein.

37.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Compliant.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### 1st and 14th Amendments; Various Records; Does 1-3

38.   Defendants incorporate by reference their responses to paragraphs "1" through "88" of the Complaint as if fully set forth herein.

39.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
### 5th and 14th Amendments; Due Process; Does 1-3

40.   Defendants incorporate by reference their responses to paragraphs "1" through "90" of the Complaint as if fully set forth herein.

41.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

10

## JURY TRIAL DEMANDED

42.  Defendants admit that Plaintiff demands a jury trial in, but deny that Plaintiff is entitled to a trial on the merits.

Defendants further admit that in the **WHEREFORE** clause Plaintiff sets forth the relief requested but deny that Plaintiff is entitled to such relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43.  This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint in that the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the pendant state law claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44.  The Complaint fails to state a claim for which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45.  Any claims against Defendants in their official capacity, for monetary damages are barred by the Eleventh Amendment to the New York State Constitution.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.  Plaintiff cannot sustain his claims because Defendants are protected by the doctrine of qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.   Plaintiff's claims are barred by the doctrines of
absolute judicial and quasi-judicial immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.   Plaintiff has, at all times material to the
allegations in the Complaint, been afforded all rights and
privileges guaranteed to him under the Constitution and the laws
of the United States.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49.   This Court lacks jurisdiction to reach the merits
of this action as the matter is moot.

**WHEREFORE**, it is respectfully prayed that the relief
requested by Plaintiff be in all respects denied, and that the
Complaint be dismissed in its entirety.

Dated:   New York, New York
         July 15, 2005

                              ELIOT L. SPITZER
                              Attorney General of the
                              State of New York
                              Attorney for State Defendants
                              By:

                              LISA GHARTEY (LG-4601)
                              Assistant Attorney General
                              120 Broadway - 24th Floor
                              New York, New York 10271
                              (212) 416-8548/8610

To:   JABBAR COLLINS
      95A2646
      Plaintiff pro se
      P.O. Box 4000
      Stormville, New York 12582-0010

12

## **DECLARATION OF SERVICE**

LISA GHARTEY, pursuant to 28 U.S.C. § 1746, declares
under penalty of perjury as follows:

That on July 15, 1005, I caused one copy of the annexed
ANSWER, to be served upon the following named person:

JABBAR COLLINS
# 95-A-2646
GREEN HAVEN CORREC. FACILITY
P.O. BOX 4000
STOMRVILLE, NY 12582-0010

plaintiff pro se in the entitled action, by depositing a true and
correct copy thereof, properly enclosed in a post-paid Express-
Mail wrapper, in an EXPRESS-Mail box regularly maintained by the
United States Government at 120 Broadway, New York, New York
10271 directed to said plaintiff's attorney at the address within
the State designated by him for that purpose.

LISA GHARTEY (LG 4601)

Executed On July 15, 2005